**John SERB, Jr., Plaintiff,**

**v.**

**GAGNIER PRODUCTS COMPANY DEFINED BENEFIT PENSION PLAN AND TRUST, a Trust, and John M. Sokol, Trustee, Defendants.**

Civ. A. No. 85–CV–73216.

United States District Court,
E.D. Michigan, S.D.

July 2, 1986.

Joseph Falcone, Lieberman & Falcone, P.C., Southfield, Mich., for plaintiff.

Stuart J. Snider, Fitzgerald, Young, Peters, Dakmak & Bruno, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, Chief Judge.

This is an action for pension benefits brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* On August 31, 1982, the plaintiff, John Serb, Jr., resigned or was forced to resign from his position as Secretary-Treasurer with Gagnier Products Company. In addition to his regular job, plaintiff was one of three trustees for the defendant, Gagnier Products Company Defined Benefit Pension Plan & Trust, a position he was removed from in June of 1982. The other defendant, John M. Sokol, is the sole shareholder and director of Gagnier Products, and is being sued in his capacity as sole trustee of the pension plan.

Upon his termination in August of 1982, plaintiff requested that he be paid his pension benefits immediately in a lump sum. This request was refused, as the pension plan was amended in June of 1982 to eliminate the early retirement and lump-sum features that had been part of the plan.[1] At issue in defendants' summary judgment motion is Count VI, in which it is alleged that the 1982 amendments were fraudulent and intended to discriminate against the plaintiff by preventing him from exercising an option that had been available to others.[2]

■ Count Six appears to be supported by two theories. First, that the June, 1982 amendment to the plan was itself done for fraudulent or discriminatory purposes, and was accomplished illegally both by the terms of the plan and in violation of ERISA. The second possible claim is that even if the amendment was proper, the denial of early retirement and lump-sum benefits by the trust and trustees was in violation of the terms of the plan. The plaintiff first argues that the defendants did not follow the proper procedure in enacting the 1982 amendments. The plan, both in it original and amended form, states that the employer, in this case Gagnier Products, "shall have the right at any time, and from time to time, ... to modify, alter, supplement, amend or revoke this Agreement to any extent and in any respect deemed advisable by the Employer, ... provided ... that the duties, powers, ... of the Trustees hereunder shall not be materially changed without their written consent." Thus the consent of the trustees is not required to enact amendments that do not effect the duties of the trustees. Defendant Sokol, who is the sole shareholder, director and president of Gagnier Products, properly exercised the power to amend the pension plan.

■ The plaintiff also claims that the amendment violated ERISA and the Internal Revenue Code, which prohibit amending a pension plan to reduce a participant's "accrued benefits." 29 U.S.C. § 1054(g); 26 U.S.C. § 411(d)(6). ERISA only guarantees that an employee's right to normal

---

1. At the meeting when this amendment was passed, the plaintiff, who opposed the amendment, was removed as a trustee to the plan.

2. On October 18, 1985 this court dismissed Counts One and Five without prejudice, to allow the plaintiff to go through the administrative review procedures mandated by the plan after the denial of benefits.

retirement benefits is nonforfeitable upon the attainment of normal retirement age, and thus the plaintiff does not have a nonforfeitable right to early retirement benefits. 29 U.S.C. § 1053(a); *McBarron v. S & T Industries, Inc.*, 771 F.2d 94 (6th Cir. 1985). Further, it has been held that early retirement benefits are not "accrued benefits" within the meaning of either ERISA or the IRC. *Bencivenga v. Western Pa. Teamsters*, 763 F.2d 574 (3rd Cir.1985). While Congress has amended 29 U.S.C. § 1054(g) to include early retirement benefits within its accrued benefits protection, this amendment does not apply to plan years before January 1, 1985. *Bencivenga*, 763 F.2d at 577, n. 3. Thus the amendment of the plan in this case was not in violation of either ERISA or the IRC.

■ Plaintiff's final claim regarding the amendment itself is that it was enacted with the purpose of depriving him of his benefits. It is a violation of § 510 of ERISA (29 U.S.C. § 1140) to discriminate against the participant or beneficiary of a pension plan for the purpose of interfering with any rights that person might be entitled to under the plan. Section 510 was aimed primarily at preventing unscrupulous employers from harassing or discharging employees to keep them from obtaining vested pension rights, and was designed to protect the employment relationship that gives rise to those rights. *West v. Butler*, 621 F.2d 240, 245 (6th Cir.1980); *Phillips v. Amoco Oil Co.*, 614 F.Supp. 694, 721 (D.C.Ala.1985). An employee may recover under this provision if it can be shown that the reasons given by the employer for its conduct are pretextual, and the true purpose of its actions were to deprive the employee of his benefits. *Ferguson v. Freedom Forge Corp.*, 604 F.Supp. 1157, 1162 (W.D.Pa.1985). However, summary judgment is appropriate in Section 510 cases where the plaintiff has no proof other than his subjective belief that there might have been discrimination. *Beckwith v. International Mill Services*, 617 F.Supp. 187 (D.C.Pa.1985).

■ The plaintiff has submitted almost no evidence to support his claim of discrimination, relying almost completely on inference from facially innocent facts. He points to the fact that eleven employees who left Gagnier prior to his termination had received lump sum payments. However, all of these payments took place before defendant Sokol bought Gagnier in April of 1981. At the time of the purchase, Gagnier was feeling the full effect of the automobile industry slump, and this was reflected in the weakened condition of Gagnier's pension plans. Sokol, in his affidavit, testifies that he enacted the amendments to strengthen the plan. The plaintiff's deposition testimony corroborates Sokol's testimony that the plan was undergoing severe economic difficulties. In 1980, Gagnier could not make the annual contribution to the salaried employees' trust, and an application for termination of the plan was sent to Washington. [Serb. Deposition Tr. at p. 12]. While this application was recalled, the plaintiff testified that the funding difficulties continued into 1982. [*Id.* at p. 14–16]. The annuity policies which funded the trust were allowed to lapse at one point because the premiums were not paid [*Id.* at p. 15]. Thus the plaintiff's testimony supports defendant Sokol's claim that the salaried and hourly plans were combined, and the early retirement provisions eliminated, because he wanted to bring stability to a plan which was facing serious funding problems.

When asked what the basis of his claim of discrimination was, the plaintiff answered: "It seemed feasible for the people that engineered the plan to say, well, let's consolidate and not pay Serb until he's 65 as the others have been paid prior to my termination." [*Id.* at p. 39]. Considering the fact that the lump sum benefits to the other retirees were paid out by Gagnier Products before the defendant even owned the company, all that remains to support the plaintiff's claim is his subjective belief and conjecture that misconduct by the defendant was possible. This is not enough to support a claim of discrimination under Section 510 of ERISA.

■ The plaintiff also appears to argue that the defendants improperly denied him

benefits under the terms of the amended plan, as the amended plan mirrored the statutory language discussed above that accrued benefits could not be decreased. There are several barriers to this claim. The first is that the plaintiff has not exhausted his administrative remedies, a prerequisite to having his claim heard by a federal court. *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980). This is the basis upon which this court dismissed Counts One and Five without prejudice in October of 1985. Secondly, even if he had exhausted his internal remedies, he must show that the defendants acted arbitrarily and capriciously in denying him all the benefits he requested. *Van Gunten v. Central States, Etc.,* 672 F.2d 586 (6th Cir.1982); *Ganze v. Dart Industries, Inc.,* 741 F.2d 790 (5th Cir.1984). This standard is designed to prevent excessive judicial intervention in trust operations, and the fact that the trustee's interpretation of the plan may be incorrect, while a factor, does not in itself establish that the trustee's conduct was arbitrary and capricious.

The decision complained of in the instant case was the denial of early retirement benefits where the amended plan prohibited amendments that cut back on accrued benefits. The interpretation of the plan by the defendants that early retirement benefits do not constitute accrued benefits mirrors the holding by the Third Circuit in *Bencivenga, supra.* Even if that interpretation is incorrect, the plaintiff has neither alleged nor produced any evidence that the defendants' decision was arbitrary or capricious. To the extent Count VI is a claim that the defendants wrongfully denied the plaintiff benefits, it should be dismissed as the plaintiff has not exhausted his administrative remedies, nor has he either produced any evidence (or even alleged) that the decision was arbitrary or capricious.

■ The plaintiff also argues that his claim could be treated as a pure breach of contract claim, distinct from ERISA law, relying upon ambiguous *dicta* in the Third Circuit case. *Bencivenga,* 763 at 578. This ignores the strong policy of preemption in ERISA cases, set forth in statute and case law. 29 U.S.C. § 1144; *Shaw v.*

*Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Authier v. Ginsburg,* 757 F.2d 796 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985). The plaintiff's claim must be based upon the terms of the plan itself, guided by federal law.

In sum, the amendment of the plan was proper under its own terms, did not violate either ERISA or the IRC, nor is there any evidence that the amendment was enacted with the intent to discriminate against the plaintiff. Accordingly, the defendants' motion to dismiss Count VI is GRANTED.

IT IS SO ORDERED.