Erika KIENITZ, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

No. 89–CV–30055 PH.

United States District Court, E.D. Michigan, S.D.

April 17, 1990.

Douglas W. Hoste, Mt. Clemens, Mich., for Erika Kienitz.

Linda S. McAlpine, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for Metropolitan Life Ins. Co.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Pending are the defendant's motion for summary judgment and the plaintiff's motion for voluntary dismissal. The plaintiff alleges that the defendant, as claims administrator of an employee welfare benefit plan, wrongfully denied her disability benefits. The parties agree that this action is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. The defendant asserts (1) that the plaintiff is not properly in this forum given her failure to pursue administrative remedies prior to filing suit, and (2) that no genuine issues of material fact exist regarding the circumstances surrounding the benefits denial, and that such circumstances fail to demonstrate a violation of the plaintiff's right to disability benefits.

The plaintiff has both responded to the defendant's motion, and has additionally filed a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2) (Rule 41(a)(2)). Basically, the plaintiff contends that the defendant's failure to consider certain evidence regarding the plaintiff's condition evidences an arbitrary and capricious denial of benefits in violation of 29 U.S.C. § 1132(a)(1)(B). Additionally, however, in requesting voluntary dismissal of this action, the plaintiff appears to concede that further administrative treatment of her claim may prove fruitful. The plaintiff conditions any such dismissal upon this Court denying the defendant's costs and attorneys' fees expended in defending this suit.

The Court has considered the parties' relative positions, and for the following reasons, dismisses this action without prejudice.

## I.

■ Under Rule 41(a)(2), the Court may order dismissal of an action "upon such terms and conditions as the court deems proper." Yet, such conditions are typically imposed upon requests for voluntary dismissal that are themselves silent as to the acceptability of any conditions attached to the dismissal. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1971). Following imposition of any conditions, plaintiffs are thereafter afforded an opportunity to withdraw the request for voluntary dismissal. *Lau v. Glendora Unified School District,* 792 F.2d 929 (9th Cir.1986).

The plaintiff's motion for voluntary dismissal expressly rejects the imposition of any conditions upon dismissal. The defendant, conversely, agrees to allowing such dismissal only upon the condition that the plaintiff pay all of the defendant's costs and attorneys' fees incurred in defending this litigation. The Court's review of relevant authority suggests that generally, Rule 41(a)(2) dismissals are conditioned upon the payment of at least a portion of the defendant's expenses related to defending the suit. See, e.g., *Davis v. USX Corp.,* 819 F.2d 1270, 1276 (4th Cir.1987) (holding that "[s]uch conditions should be imposed as a matter of course in most cases."). The Court discerns no reason, in the present case, to depart from usual practice, and would therefore impose as a condition of voluntary dismissal the payment of an undetermined percentage of the defendant's expenses. Since the plaintiff has indicated a rejection of dismissal with conditions, the Court denies the plaintiff's motion for voluntary dismissal. Accord, *Federal Savings & Loan Insurance Corp. v. First National Bank, Liberty, Mo.,* 4 F.R.D. 313 (W.D.Mo.1945).

## II.

■ The defendant argues that the plaintiff has failed to exhaust administrative remedies prior to filing suit, thereby warranting dismissal of this action. The weight of authority holds that district courts should require exhaustion of internal remedies as a condition precedent to the filing of a claim for wrongful denial of benefits under ERISA. See *Makar v. Health Care Corp. of the Mid–Atlantic,* 872 F.2d 80 (4th Cir.1989); *Denton v. First National Bank of Waco, Texas,* 765 F.2d 1295, reh'g denied, en banc, 772 F.2d 904 (5th Cir.1985); *Wolf v. National Shopmen,* 728 F.2d 182 (3rd Cir.1984); *Serb v. Gagnier Products Co. Defined Benefit Pension Plan and Trust,* 658 F.Supp. 6 (E.D.Mich. 1986). Exhaustion may not be required, though, where a plaintiff demonstrates that resort to internal remedies would be futile. *Bemis v. Hogue,* 635 F.Supp. 1100, 1104–05 (E.D.Mich.1986).

■ The plaintiff admits her failure to exhaust administrative remedies for the denial of her claim. Moreover, by urging that "[a] voluntary dismissal, followed by recourse to the administrative remedies exhorted by Metropolitan would possibly alleviate the present dispute," the plaintiff implies that attempting such remedies would not be futile. Plaintiff's Brief in Support of Voluntary Dismissal at 3. Given this, the Court concludes that the plaintiff's failure to exhaust internal remedies prior to bringing this suit requires dismissal, without prejudice.[1]

## III.

Based upon the preceding, the Court DISMISSES the plaintiff's complaint, WITHOUT PREJUDICE.

IT IS SO ORDERED.

---

**1.** The Court, in light of the basis for the dismissal of this action, does not address the defendant's request for costs and attorneys' fees contained in its response to the plaintiff's motion for voluntary dismissal. This does not preclude the defendant from hereafter requesting such relief.