Mary M. OLLSON, As Personal Representative of the Estate of Frederick J. Ollson, Deceased, and Mary M. Ollson, Individually, Plaintiff,

v.

DARLING AND COMPANY, an Illinois Corporation, Benefit Trust Life Insurance Company and Maccabees Life Insurance Company, jointly and severally, Defendants.

No. 90-72753-CK.

United States District Court,
E.D. Michigan, S.D.

March 14, 1991.

Gregory J. Stempien, Stempien & Stempien, Livonia, Mich., for Mary M. Ollson.

Herbert G. Sparrow, Patricia D. Davies-Tomsa, Dickinson, Wright, Moon, VanDusen & Freeman, Detroit, Mich., for Darling and Co.

Lisa B. Schneider, Donna M. Skelcy, Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C., Southfield, Mich., for Ben. Life Ins. Co.

Richard L. MacArthur, Paula M. Murray, MacArthur, Rhodes & Murray, P.C., Royal Oak, Mich., for Maccabees Life Ins. Co.

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S ACTION AGAINST DEFENDANT DARLING & COMPANY, WITHOUT PREJUDICE, PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

GADOLA, District Judge.

On August 17, 1990, plaintiff, Mary M. Ollson, individually, and as personal representative of the estate of Frederick J. Ollson, commenced this action in the Circuit Court for the County of Wayne.[1] On September 14, 1990, defendant Darling & Company ("Darling"), Benefit Trust Life Insurance Company ("Benefit Trust") and Maccabees Life Insurance Company ("Maccabees") removed this action to federal court. On October 30, 1990, defendant Darling filed a motion to dismiss and/or for summary judgment. On November 16, 1990, plaintiff filed her response in opposition to

1. Count II of plaintiff's complaint alleged that defendant Darling breached its fiduciary duty under its ERISA plan. Count III alleged a breach of contract claim against Darling. Count IV alleged a breach of contract claim against defendant Maccabees. Count V alleged a breach of contract claim against defendant Benefit Trust. Count VI alleged a negligence claim against Darling. Count I only set forth common allegations and did not allege an independent claim.

defendant Darling's motion and filed her own cross-motion for summary judgment. On December 4, 1990, defendant Darling filed a joint reply and response brief to plaintiff's opposition brief and cross-motion for summary judgment. For the reasons set forth below, this court will dismiss plaintiff's claims for negligence and breach of contract against defendant Darling, and dismiss without prejudice, plaintiff's ERISA claim, pending exhaustion of her administrative remedies.

## BACKGROUND FACTS

Frederick J. Ollson began employment with Darling in 1946. He was married on May 14, 1960, to the plaintiff, Mary M. Ollson. During the course of Frederick Ollson's employment, various fringe benefits were provided to him and other salaried employees. In 1984, defendant Darling contracted with defendant Benefit Trust for health and life insurance benefits for its employees. Frederick Ollson, as an employee of defendant Darling, was a participant in this group life insurance plan. On April 7, 1986, Frederick Ollson suffered a massive stroke and was unable to return to work. On January 27, 1989, Frederick Ollson died.

On August 1, 1988, Darling's contract with Benefit Trust terminated, and defendant Maccabees began providing the group life insurance benefits for Darling's employees.

## PREEMPTION DOCTRINE

■ The first issue the court must address is whether plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

29 U.S.C. § 1144(a) provides:

**Supersedure: effective date.** Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 U.S.C.

§ 1003(a) ] and not exempt under section 4(b) [29 U.S.C. § 1003(b) ]. This section shall take effect on January 1, 1975.

29 U.S.C. § 1003(a) addresses coverage, and provides in relevant part:

Except as provided in subsection (b) [2] . . . this title shall apply to any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both.

In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39, (1987), the Supreme Court addressed the question of "whether the Employee Retirement Income Security Act of 1974 (ERISA) preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee's benefit plan." *Id.* at 43, 107 S.Ct. at 1550. The Court, after examining the legislative intent of ERISA, found that state common law actions are preempted if the underlying action "relates to" an employee benefit plan. Similarly, in *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 696 (1989) the Sixth Circuit stated:

Finally, the Supreme Court has held that causes of action based on state common law are preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a). *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 [107 S.Ct. 1549, 95 L.Ed.2d 39] (1987). The relevant statute states that ERISA supersedes 'any and all state laws insofar as they relate to any employee benefit plan . . .'. 29 U.S.C. § 1144(a).

In *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) the Supreme Court noted the expansive sweep of the ERISA preemption clause, and the term "relate to".

The phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate to' a benefit plan 'in the nor-

**2.** Subsection (b) is not relevant to the present action.

mal sense of the phrase, if it has a connection with or reference to such a plan.' "

*Id.* at 739, 105 S.Ct. at 2389.

In the present action, Counts III and VI of plaintiff's complaint allege claims for breach of contract and negligence against defendant Darling. From the above case law it is clear that ERISA preempts state common law contract or tort actions that relate to employee benefit plans.

Here, there is no dispute that plaintiff's common law actions for breach of contract and tort, against defendant Darling, "relate to" the employee benefit plan implemented by defendant Darling. Therefore, the court finds that plaintiff's state law claims in Counts III and VI of the complaint are preempted by 29 U.S.C. § 1144(a).

Count II of the complaint alleges breach of fiduciary duty and denial of plan benefits by defendant Darling. This count is a valid allegation under ERISA, but is defective on the basis of failure of plaintiff to exhaust her administrative remedies, as is discussed infra.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

■ In defendant Darling's motion for dismissal, and at oral argument, Darling contended that this action should be dismissed because plaintiff has failed to exhaust her administrative remedies upon the initial denial by defendants Maccabees and Benefit Trust of coverage under the employee welfare benefit plan. Plaintiff argues that ERISA does not mandate exhaustion of administrative remedies and that the employee welfare benefit plan between Ollson and Darling used the permissive "may" when addressing a claimant's appeal of a denied claim, and not "must". Further, plaintiff argues that the plan summary is devoid of information regarding the manner in which the claimant is to exhaust her administrative remedies.

29 U.S.C. § 1133 states:

In accordance with the regulations of the Secretary, every employee benefit plan shall—

(1) Provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

In defendant Darling's motion for dismissal, and at oral argument, Darling asserted that plaintiff has failed to exhaust her administrative remedies prior to filing this suit. Therefore, defendant Darling requests that this court dismiss this action. In plaintiff's response to Darling's motion, and at oral argument, plaintiff asserted that the claims procedure set out at 29 U.S.C. § 1133 are neither mandatory nor appropriate in all cases. Moreover, plaintiff asserts that Darling has never informed plaintiff of the proper person or entity to whom she could appeal her denial of benefits. Counsel for Darling responded that the proper persons and entities for plaintiff to make an appeal would be provided by defense counsel in a timely manner.

In *Kienitz v. Metropolitan Life Ins. Co.,* 131 F.R.D. 106, 107 (E.D.Mich.1990) Judge Harvey stated:

The weight of authority holds that district courts should require exhaustion of internal remedies as a condition precedent to the filing of a claim for wrongful denial of benefits under ERISA. See *Maker v. Health Care Corp. of the Mid-Atlantic,* 872 F.2d 80 (4th Cir.1989); *Denton v. First Nat'l Bank of Waco, Texas,* 765 F.2d 1295, *reh'g den., en banc* 772 F.2d 904 (5th Cir.1985); *Wolf v. Nat'l Shopmen,* 728 F.2d 182 (3rd Cir. 1984); *Serb v. Gagnier Products Co. Defined Benefit Pension Plan & Trust,* 658 F.Supp. 6 (E.D.Mich.1986). Exhaustion may not be required, though, where

**390**

a plaintiff demonstrates that resort to internal remedies would be futile. *Bemis v. Hogue*, 635 F.Supp. 1100, 1104–05 (E.D.Mich.1986).

Here, plaintiff argued that it would be futile for her to exhaust her administrative remedies. The court finds that plaintiff's argument concerning futility is speculative in that it appears the only impediment to plaintiff's appeal was her inability to determine who the proper person or entity was in order to make such an appeal. At oral argument, counsel for Darling agreed that she would timely notify plaintiff of these persons and entities. Accordingly, this court will require plaintiff to exhaust her administrative appeal remedies.

### ORDER

IT IS HEREBY ORDERED that Counts III and VI of plaintiff's complaint are preempted by ERISA, and are therefore DISMISSED with prejudice under Fed.R. Civ.P. 12(b)(6).

IT IS FURTHER ORDERED that defendant Darling's motion for dismissal as to Count II of plaintiff's complaint is GRANTED, without prejudice however to plaintiff's subsequent refiling of said action after exhaustion of administrative remedies, and

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment is DENIED, without prejudice, as moot; and

IT IS FURTHER ORDERED that plaintiff's motion to amend her complaint as to defendant Darling is DENIED, without prejudice, as moot.