Dorothy T. MAKAR; Anthony L. Makar, her husband, Plaintiffs-Appellants,

v.

HEALTH CARE CORPORATION OF the MID-ATLANTIC (CAREFIRST); Provident Life & Accident Insurance Company, Defendants-Appellees.

No. 88-2526.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1988.

Decided April 7, 1989.

Gerald Francis Gay (Richard R. Beauchemin, Arnold, Beauchemin & Tingle, P.A., Baltimore, Md., on brief), for plaintiffs-appellants.

Gregory Lee VanGeison (Frank J. Vecella, Anderson, Coe & King, on brief); Thomas E. Lynch, III, Baltimore, Md., (Carol A. O'Day, Miles & Stockbridge, Baltimore, Md., on brief), for defendants-appellees.

Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINSON, Circuit Judge:

The question here is whether claimants under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, must pursue the remedies provided by employee benefit plans in which they participate before bringing an ERISA action for denial of benefits. We hold that appellants must exhaust such remedies. We vacate the judgment of the district court in favor of defendants and remand the case for dismissal without prejudice to any future ERISA action appellants may have in order to allow them to pursue their plan remedies.

I.

On November 30, 1986, Dorothy Makar sought medical attention at St. Agnes Hospital in Catonsville, Maryland; she was discharged one week later. On December 15, 1986, she was readmitted to St. Agnes for surgery to remove her cancerous left kidney.

Mrs. Makar was an employee of Montgomery Ward Corporation and was therefore eligible to participate in the medical benefits agreement between Montgomery Ward and the Health Care Corporation of the Mid–Atlantic (CareFirst). CareFirst is authorized to do business in Maryland as a health maintenance organization; it is not an indemnity insurer. The CareFirst plan, in other words, entitles its participants to seek medical treatment through a network

of health care facilities. Participants are required to select a single facility to serve as their primary health care provider.

In order to resolve participants' complaints, the CareFirst plan includes a comprehensive, internal grievance procedure. The procedure is invoked by sending a letter to the plan's grievance committee outlining the nature of the participant's complaint and the desired remedy. The committee then investigates the complaint and provides the grievant a hearing before an impartial committee. The committee's decision must be communicated in writing to the parties and may be appealed to a subcommittee of the CareFirst board of directors. Mrs. Makar chose to participate in the CareFirst plan and designated the Catonsville Medical Center as her primary care facility.

Anthony Makar, Dorothy Makar's husband, was employed by Michelin Tire Corporation. Michelin's benefit plan includes a group health insurance policy issued by Provident Life and Accident Insurance Company. This plan provides an appeals process for benefits that have been denied. The plan's final decision must be in writing and must state specific reasons for any denial of benefits.

Although they sought reimbursement from CareFirst and Provident upon Dorothy Makar's second discharge from the hospital, appellants did not fully avail themselves of the procedures provided by these two plans. Appellants, for example, failed to file a written grievance with the CareFirst grievance committee as required by the express terms of the CareFirst plan. Moreover, they did not pursue the appeals provided by the Provident plan. In sum, neither Provident's nor CareFirst's grievance procedures were fully utilized in an attempt to resolve this dispute. Instead, the Makars filed suit on August 20, 1987 in the Circuit Court for Baltimore County against Provident and CareFirst, asserting common law claims for monies due and owing, and breach of contract, and claiming punitive damages for defendants' alleged bad faith refusal to pay Mrs. Makar's medical expenses.

Although plaintiffs made no mention of ERISA in their complaint, CareFirst and Provident removed the action to federal district court based on ERISA's sweeping preemptive effect and the complete preemption exception to the well-pleaded complaint rule. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). On October 21, 1987, Provident moved to dismiss, contending, *inter alia*, that plaintiffs' common law claims were preempted by ERISA, 29 U.S. C. § 1144, and that the Makars did not meet the prerequisites of an ERISA action because they failed to exhaust their plan remedies. On November 17, 1987, CareFirst moved to dismiss the complaint, or, in the alternative, for summary judgment. Plaintiffs opposed defendants' motions and moved the district court to remand the action to the Circuit Court for Baltimore County.

The district court entered judgment for defendants. The parties had agreed that the CareFirst and Provident plans were employee benefit plans within the terms of ERISA. After *Pilot Life*, 481 U.S. at 41, 107 S.Ct. at 1549, any contention that the state claims here are not preempted by ERISA would be frivolous, and the district court so found. The district court also held that plaintiffs failed to exhaust the remedies available to them under the Provident and CareFirst employee welfare benefit plans. This appeal followed.

## II.

ERISA does not contain an explicit exhaustion provision. Nonetheless, an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132. This exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes. *See Kross v. Western Elec. Co.*, 701 F.2d 1238, 1243–45 (7th Cir.1983).

ERISA requires benefit plans covered by the Act to provide internal dispute resolution procedures for participants whose claims for benefits have been denied. 29 U.S.C. § 1133. Employee benefit plans must provide adequate, written notice of the specific reasons for such a denial and must afford participants a reasonable opportunity for a "full and fair review" of the decision denying the claim. *Id. See also* 29 C.F.R. § 2560.503–1 (1987) (Department of Labor regulations governing plan remedies). Congress' apparent intent in mandating these internal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement. *See Amato v. Bernard,* 618 F.2d 559, 567 (9th Cir.1980). It would be "anomalous" if the same reasons which led Congress to require plans to provide remedies for ERISA claimants did not lead courts to see that those remedies are regularly utilized. *Id. See Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1227 (11th Cir.1985).

ERISA also imposes broad fiduciary responsibilities on plan trustees and extensively regulates their conduct. 29 U.S.C. §§ 1104–14. Plan fiduciaries must perform their obligations with diligence and must discharge their duties "solely" in the interest of plan participants and their beneficiaries. 29 U.S.C. § 1104(1). *See Denton v. First Nat. Bank of Waco,* 765 F.2d 1295, 1301 & n. 10 (5th Cir.1985). By preventing premature interference with an employee benefit plan's remedial provisions, the exhaustion requirement enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions. *Amato,* 618 F.2d at 567–68. Indeed, subsequent court action may be unnecessary in many cases because the plan's own procedures will resolve many claims. *See generally Eastern Band of Cherokee Indians v. Donovan,* 739 F.2d 153, 156 (4th Cir.1984) (discussing the advantages of pursuing alternative remedies under the Comprehensive Employment and Training Act of 1973, 29 U.S.C. § 801, *et seq.*). In short, Congress intended plan fiduciaries, not the federal courts, to have primary responsibility for claims processing. *Kross,* 701 F.2d at 1244; *Challenger v. Local Union No. 1 of the Int'l Bridge, Structural & Ornamental Ironworkers, AFL–CIO,* 619 F.2d 645, 649 (7th Cir.1980).

This case illustrates the value of ERISA's internal claims procedures. Appellants failed to exhaust the CareFirst plan's grievance procedures and failed to appeal the Provident plan's denial of benefits. There is virtually no factual record to assist this court in reviewing appellants' claims. The CareFirst and Provident plan fiduciaries have not had the opportunity to define the relevant issues or to apply the relevant plan provisions. We cannot tell whether appellants are deserving of benefits because they have not yet had an opportunity to establish their eligibility within the framework of the plans.

Finally, appellants assert that exhaustion is excused in the instant case because any attempt to pursue their plan remedies would have been futile. The district court, however, made no findings of futility and appellants have not shown that they would be denied access to the claims procedures provided by the CareFirst and Provident plans. Appellants' bare allegations of futility are no substitute for the "clear and positive" showing of futility other courts have required before suspending the exhaustion requirement. *See, e.g., Fizer v. Safeway Stores, Inc.,* 586 F.2d 182, 183 (10th Cir.1978) ("clear and positive showing of futility" required to suspend the exhaustion requirement under the Labor Management Relations Act, 29 U.S.C. § 185). *See also Amato,* 618 F.2d at 568–69.

We therefore vacate the district court's order and remand the case to be dismissed without prejudice to appellants' ERISA action in order to allow the Makars the opportunity to pursue their remedies under the CareFirst and Provident employee benefit plans.

**REMANDED WITH DIRECTIONS.**