**Curtis BAXTER, Plaintiff–Appellant,**

**Thomas F. Brill and E.R. Whinham, Attorneys–Appellants,**

**v.**

**C.A. MUER CORPORATION and Northern Group Services, Inc., Defendants–Appellees.**

**No. 90–1806.**

United States Court of Appeals, Sixth Circuit.

Argued May 2, 1991.

Decided Aug. 13, 1991.

Rehearing and Rehearing En Banc Denied Sept. 24, 1991.

E. R. Whinham (argued and briefed), Ann Arbor, Mich., for plaintiff-appellant and attorneys-appellants.

Susan P. Saltzman (argued), John A. Klarr (briefed), Jacobs & Miller, Southfield, Mich., for defendant-appellee C.A. Muer Corp.

Kelly E. Machado (argued and briefed), Norman D. Hawkins, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for defendant-appellee Northern Group Services, Inc.

Before NELSON and NORRIS, Circuit Judges, and ALDRICH, District Judge.*

PER CURIAM.

Curtis C. Baxter applied for medical benefits under a health plan maintained by his employer, C.A. Muer Corporation. After being denied benefits pursuant to a plan amendment, Mr. Baxter sued Muer and the administrator of the plan, Northern Group Services, Inc., under the Employee Retirement Income Security Act of 1974 (ERISA). The district court entered summary judgment for both defendants and granted a motion by Northern Group Services for sanctions against the plaintiff and his attorneys. On appeal Mr. Baxter challenges the summary judgment on the grounds that (1) the plan did not require exhaustion of contractually created "administrative" remedies and (2) there was a genuine issue of fact as to whether the plan amendment had been properly effectuated. He also challenges the imposition of sanctions. For the reasons that follow we shall affirm the district court's orders.

I

Plaintiff Baxter attended a party on Muer's premises, became intoxicated, and had an automobile accident while driving home. An application to Muer's employee health benefits plan for reimbursement of the resultant medical expenses was denied.

Mr. Baxter then sued Muer and Northern Group Services in a Michigan court, where he sought relief under Michigan law. Northern Group Services was voluntarily dismissed, and Mr. Baxter lost the case against Muer.

The present lawsuit was subsequently filed against Muer and Northern Group Services in the United States District Court for the Eastern District of Michigan. The suit was predicated on 29 U.S.C. § 1132(a)(1)(B), which provides that an ERISA plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The complaint sought a declaration that Mr. Baxter was eligible for benefits under the health benefits plan adopted by Muer in 1980, an award of damages to cover medical expenses incurred to date in the amount of $14,301.11, and an order that the plan pay future medical expenses related to the accident.

Muer filed a motion for summary judgment based on a 1984 plan amendment that imposed primary liability for medical expenses arising from injuries sustained in automobile accidents on insurers issuing the no-fault insurance policies Michigan drivers are required by state law to carry. The amendment further provided that a plan beneficiary who failed to carry no-fault insurance could not recover such medical expenses under the plan. (It appears that Baxter should have maintained no fault coverage but neglected to do so.) Muer further argued that it was entitled to summary judgment because the plaintiff

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

had failed to exhaust the plan's "administrative" remedies.

Northern Group Services moved for summary judgment too, and in addition asked for sanctions and costs pursuant to Rules 11 and 41(d), Fed.R.Civ.P. The company argued, among other things, that it was not a fiduciary under the plan and thus could not possibly be liable.

Mr. Baxter filed a motion for summary judgment in which he asserted that he had not received a required notice of the plan amendments until after his accident. Accordingly, he said, his claim for medical expenses was governed by the 1980 version of the plan.

The district court denied Mr. Baxter's motion for summary judgment and granted summary judgment to the defendants. With respect to Muer's motion, the court found that the plan had been properly amended and that the 1984 version was in effect at the time of Baxter's accident. As an alternative holding, the court ruled that Mr. Baxter had failed to exhaust the appeal procedures prescribed in the plan and that such exhaustion was a prerequisite to suit.

With respect to Northern Group Service's motion for summary judgment, the court concluded that this defendant's duties under the plan were limited to processing claims and providing administrative services. Because Northern Group Services was not a plan fiduciary, it was not a party from which Baxter could recover under ERISA. Finding no factual or legal basis for the suit against Northern Group Services, the court imposed sanctions of $5,400 under Rule 11.

## II

### A. *Summary Judgment for C.A. Muer Corporation*

■ In *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991), we noted that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80 (4th Cir.1989), is to the same effect.

The *Makar* court explained that although ERISA does not explicitly require exhaustion, ERISA does require benefit plans to provide internal dispute resolution procedures—and

"Congress' apparent intent in mandating these internal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement. It would be 'anomalous' if the same reasons which led Congress to require plans to provide remedies for ERISA claimants did not lead courts to see that those remedies are regularly utilized." *Id.* at 83 (citations omitted).

The court also noted that the exhaustion requirement enables plan fiduciaries to "efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Id.*

In *Springer v. Wal-Mart Assoc. Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990), the Court of Appeals for the Eleventh Circuit discussed exceptions to the exhaustion requirement that include futility of the administrative process and inadequacy of the administrative remedy. Given the existence of these exceptions to the exhaustion requirement, the court concluded that "the decision whether to apply the exhaustion requirement is committed to the district court's sound discretion and can be overturned on appeal only if the district court has clearly abused its discretion." *Id.* at 899 (citation omitted).

The 1980 version of the plan at issue in the case at bar contains the following language:

"**Denial of Claims and Appeal Procedure.** If a claim for benefits is wholly or partially denied, the Plan Supervisor shall, within a reasonable period of time, but not later than ninety (90) days after receipt of the claim, provide to the claimant who was denied a benefit, written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for denial;

(2) Specific reference to the pertinent Plan provisions on which the denial is based;

\* \* \* \* \* \*

(4) An explanation of the Plan's claim review procedure.

A Participant whose claim for benefits under the Plan has been denied, or his duly authorized representative, may request a review upon written application to the Company or the Plan Supervisor, may review pertinent documents, and may submit issues and comments in writing. The claimant's written request for review must be submitted to the Company or the Plan Supervisor within sixty (60) days after receipt by the claimant of written notification of the denial of a claim."

As the district court found, Mr. Baxter failed to seek such review of the denial of the medical benefits he requested. Mr. Baxter responds that Muer did not provide him with a written denial of benefits, that the plan does not make the appeal process mandatory, that he did not retain a lawyer until after the appeal time had passed, and that requiring exhaustion of administrative remedies under ERISA plans is discretionary.

We are not persuaded that the district court abused its discretion in requiring exhaustion of administrative remedies here. Whether or not Muer issued a written denial of benefits, Mr. Baxter admits that he was notified that his claim was denied and

that he could have sought administrative review of this denial. The fact that permissive language was used in framing the administrative review provision makes no difference. See *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1226 (11th Cir. 1985), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986), where the court rejected an argument that use of permissive language meant that the claimant was not required to avail himself of the review process before filing a federal suit. Finally, the fact that Mr. Baxter did not retain a lawyer promptly does not relieve him of the exhaustion requirement. Mr. Baxter admits both that he knew his request for medical benefits had been denied and that he had received a copy of the 1980 plan outlining the review procedure. He could have pursued the review procedure without the assistance of a lawyer.[1]

B. *Summary Judgment for Northern Group Services, Inc.*

■ The district court concluded that Northern Group Services is not a plan fiduciary and, therefore, could not be held liable as a fiduciary under ERISA.

29 U.S.C. § 1002(21)(A) provides the following definition of fiduciaries:

"a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation,

---

1. We have considered and rejected the possibility of directing that the case against Muer be dismissed without prejudice to allow a further opportunity for exhaustion. See *Makar,* 872 F.2d at 83, where the court followed such a course. Under the circumstances of the present case, we believe that the dismissal was properly entered with prejudice. We agree with the district court's conclusion that Muer properly amended the plan. Mr. Baxter argues, among other things, that a portion of a deposition taken in the earlier state court proceedings shows a genuine issue of fact as to whether the plan amendment was posted in accordance with the requirements of the plan. Mr. Baxter relies on page 60 of the transcript of the deposition testimony of Carol Winn, Muer's Employee Benefit Coordinator, where she is said to have testified that she did not believe that the amendment to the plan was ever posted. Although our review of the record reveals that certain portions of Ms. Winn's deposition were appended to motions and reply briefs presented to the district court, the record does not indicate that this particular page was appended. The deposition as a whole was never filed with the district court. We therefore decline to consider this testimony. Mr. Baxter does not contend that Muer failed to comply with 29 U.S.C. § 1024(b)(1), which requires that a summary description of material modifications be furnished to each participant not later than 210 days after the end of the plan year for which the change is adopted.

direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

A Department of Labor interpretive bulletin further explains that a person without the power to make plan policies or interpretations but who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and calculating benefits, is not a fiduciary under ERISA. 29 C.F.R. § 2509.75–8 D–2.

In *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288 (11th Cir.1989), a plan participant filed an ERISA action against his employer and Connecticut General Life Insurance Company after he was denied long-term disability benefits. The court found that Connecticut General processed claims and disbursed benefits under an administrative services agreement with the employer. The court further noted that Connecticut General did not insure the benefits and that the employer reserved the right to review the denial of claims. The employer "did no more than 'rent' the claims processing department of Connecticut General to review claims and determine the amount payable 'in accordance with the terms and conditions of the Plan.'" *Id.* at 290. On these facts, Connecticut General was held not to be subject to suit as a fiduciary under ERISA.

In the case at bar, similarly, the district court correctly concluded that the role of Northern Group Services was simply that of a claims processor. Both the 1980 and the 1984 plans contain this provision:

"PLAN ADMINISTRATOR AND NAMED FIDUCIARY.

The Company shall be the Plan Administrator and the named Fiduciary of the Plan as such terms are defined in ERISA and shall control and manage the operation and administration of the Plan. The Company as Plan Administrator may designate in writing a person, persons or organization other than itself to carry out fiduciary responsibilities under the Plan. The Company or any other fiduciary designated by the Company to carry out fiduciary responsibilities may employ one or more persons to render services with regard to any responsibility such fiduciary has under the Plan. The Company and/or any other fiduciary which it may designate may serve in more than one fiduciary capacity with respect to the Plan."

The plan also reserves to Muer the right to construe the plan. Northern Group Services argues that its duties under the plan are limited to processing claims and other administrative functions and that it has not been delegated any discretion in performing its tasks.

There was a time when Mr. Baxter agreed with this argument. In pleadings he filed in the state court action, Mr. Baxter argued that ERISA did not preempt his state law claims. In making this argument, he stated that

"[p]laintiff does not contest that both plans were self-funded ERISA plans providing for benefits to be paid by Muer. Also that Muer was solely responsible for creating, modifying, and determining which employees would be covered and under what conditions.... Plaintiff's allegations do not rest upon an allegation of any fiduciary relationship between the Plaintiff and Northern Group Services.... In fact, to this date, Plaintiff does not know factually whether Muer or Northern Group Services is responsible for the interpretation of the 'Plan'. [sic] Clearly, *Muer is ultimately responsible since Northern Group Services is not a fiduciary.*" (Emphasis supplied.)

Mr. Baxter has pointed to no persuasive evidence that would have justified a different view of the function performed by Northern Group Services. He merely cites deposition testimony of Carol Winn, Muer's Employee Benefit Coordinator, in which she explained that Northern Group Services administers the plan as written and that Northern Group Services representatives may have discussed Mr. Baxter's claim with her before making a decision to deny benefits. This testimony confirms that

Northern Group Services is merely a claims processor that pays claims in accordance with the terms of the plan.

### C. *Sanctions*

 In granting Northern Group Service's motion for Rule 11 sanctions, the district court noted that Baxter had admitted in the state court proceedings that Muer was responsible for the benefits plan and that Northern Group Services was not a fiduciary under ERISA. This admission, we believe, provided an adequate basis for the district court's decision to impose sanctions. Such decisions are subject to review under an abuse of discretion standard, see *Cooter & Gell v. Hartmarx Corp.,* — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and we see no abuse of discretion here.

Northern Group Services asks this court to order Mr. Baxter to pay its attorney's fees related to this appeal and double costs pursuant to Rule 38, Fed.R.App.P. or 28 U.S.C. § 1912. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." 28 U.S.C. § 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

We are not convinced that Mr. Baxter's appeal from the summary judgments is frivolous. The appeal of the Rule 11 sanctions does strike us as frivolous, however, given the admissions made by Mr. Baxter in the state court proceedings and given the extent of the district court's discretion in such matters. See *Cooter,* 110 S.Ct. at 2462 ("because the district court has broad discretion to impose Rule 11 sanctions, appeals of such sanctions may frequently be frivolous"). We therefore AFFIRM the district court's orders and AWARD DOUBLE COSTS to Northern Group Services.