959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph MERO, Plaintiff-Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 91-2217.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Joseph Mero, who is represented by counsel, appeals a district court order dismissing his ERISA action filed under 29 U.S.C. § 1132. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have filed briefs and waived oral argument.
 
 
 3
 Mero filed a civil action against Connecticut General Life Insurance Company pursuant to 29 U.S.C. § 1132 to recover approximately $3,200 in unpaid medical expenses. The parties filed cross-motions for summary judgment. On August 23, 1991, the district court dismissed the case because Mero failed to exhaust his administrative remedies. Mero then filed a timely motion for reconsideration under Fed.R.Civ.P. 59 which was subsequently denied. Mero filed this timely appeal contending that: 1) ERISA does not require exhaustion of administrative remedies; 2) Article VI of the United States Constitution, ERISA, and the Department of Labor's regulations prohibit exhaustion of administrative remedies; and 3) this court's decision in Miller v. Metropolitan Life INs. Co., 925 F.2d 979 (6th Cir.1991), should be overruled.
 
 
 4
 Miller clearly held: "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." 925 F.2d at 986. We see no reason to depart from this holding.
 
 
 5
 Upn review, we conclude that the district court did not abuse its discretion in dismissing this lawsuit due to Mero's failure to exhaust his available administrative remedies. Baxter v. C.A. Muer Corp., 941 F.2d 451, 454 (6th Cir.1991) (per curiam). Mero's arguments to the contrary are without merit.
 
 
 6
 Accordingly, we affirm the district court's judgment for the reasons set forth in the district court's order filed on August 23, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation