**Robert D. HAMILTON, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant.**

**No. C–1–91–001.**

United States District Court, S.D. Ohio, W.D.

Sept. 4, 1992.

Walter Jacob Wolske, Jr., Wolske & Blue, Columbus, Ohio, for plaintiff.

Lawrence Edward Barbiere, Bradford Scott Boster, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment (doc. 19), the Plaintiff's Response (doc. 21), and the Defendant's reply (doc. 22).

The questions presented by this motion are 1) whether this suit is time barred by the three year statute of limitations provided by 29 U.S.C. § 1113(2); and 2) whether there was sufficient contradictory evidence in the administrator's record to render summary judgment inappropriate.

The Court concludes that the suit is not time barred, and that there is sufficient contradictory evidence to render summary judgment inappropriate.

### BACKGROUND

Plaintiff Robert D. Hamilton, now deceased, was employed in the late 1970's by Data Trol, Inc., as a field service engineer. Data Trol had established an employee welfare benefits plan pursuant to the Employee Retirement Income Security Act ("ERISA"). The plan was funded by purchases of insurance from Connecticut General Life Insurance Company ("CIGNA") which provided disability benefits to participants. In the middle of 1978, Hamilton applied for long term disability benefits. In December of 1978, Hamilton was diagnosed as having chronic hepatitis, a physical disability. Accordingly, Hamilton's claim for long term disability benefits was thereafter approved by CIGNA.

Under the terms of the Data Trol disability plan, CIGNA has the right to review a person's disability status. Pursuant to this provision, CIGNA appointed Dr. Peggy McDonald to examine Hamilton on behalf of the insurance company. The sole purpose of this examination, which took place on August 8, 1986, was to determine whether Hamilton continued to be physically disabled. On September 8, 1986, Dr. Peggy McDonald issued her evaluation of Hamilton. Her conclusion was that Hamilton's

disability was the result of no "obvious organic cause" which was "perhaps related to depression" and that mental disability "may be" responsible for his illness. Defendants's Motion for Summary Judgement, Doc. 19, Exhibit "A", at 3. Because of a two year limitation period on disability benefits based on mental illness, Hamilton was informed that his disability benefits would be terminated on August 7, 1988.

The Defendant's Motion for Summary Judgment is based on two arguments: 1) that the Plaintiff's action is barred by the three-year statute of limitations found in the ERISA 29 U.S.C. § 1113(2); and 2) that because there is nothing in CIGNA's files contradicting Dr. McDonald's conclusion, the plan administrator's decision to terminate the benefits must stand.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

## DISCUSSION

a) PLAINTIFF'S CLAIM IS TIMELY UNDER THE APPLICABLE STATUTE OF LIMITATIONS

The Defendant claims that this suit is barred by the three year statute of limitations provided by 29 U.S.C. § 1113(2). The § 1113(2) statute of limitations, however, applies only to claims arising under ERISA concerning a breach of a fiduciary's duties. The claim in the instant case is not one arising out of the breach of a fiduciary duty, but rather one more closely analogous to a claim arising out of a breach of contract.

A person is a fiduciary for the purposes of ERISA to the extent that he or she exercises discretion over the management of plan assets, renders investment advice for a fee, or exercises discretionary control over the administration of a plan. 29 U.S.C. § 1002(21)(A); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 (6th Cir.

1991). The instant claim does not involve the management of plan assets or any investment. Furthermore, as the defendant readily admits, "Data Trol, Inc.'s disability plan does not give [the administrator] discretionary authority regarding eligibility for disability benefits." Defendant's Motion for Summary Judgment, Doc. 19, at 7. A claim arising out of the non-discretionary application of plan eligibility rules does not involve the breach of a fiduciary duty. *See Baxter*, 941 F.2d at 455. Moreover, the Tenth Circuit in *Wright v. Southwestern Bell Telephone Co.*, 925 F.2d 1288 (10th Cir.1991), has held that a claim arising out of a denial of long term disability benefits under ERISA does not involve the breach of a fiduciary's duties. *Id.* at 1290.

■ Additionally, the Supreme Court has observed that the primary concern of § 1109 is not the rights of the *individual* beneficiary; rather, it is to prevent a fiduciary's misuse of plan assets and to protect the plan as a *whole. Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985). As the plaintiff in this case is suing in his individual capacity, and not on behalf of the plan as a whole, his suit is not a case grounded in a breach of the fiduciary's duties. *See Petrilli v. Drechsel*, 910 F.2d 1441, 1448 (7th Cir.1990); *Carr v. Malcolm & Riley, P.C., Pension Trust*, 1991 WL 67749, 1991 U.S.Dist. LEXIS # 5683 (E.D.Pa.1991). The statute 29 U.S.C. § 1113 applies only to actions involving a breach of a fiduciary's duties under ERISA. The § 1113 statute of limitations, therefore, does not apply to this suit.

Because no other part of ERISA contains a limitation on actions provision, we must apply the most analogous state statute of limitation. *See Johnson v. State Mutual Life Assur. of America*, 942 F.2d 1260, 1262 (8th Cir.1991); *Cowden v. Montgomery Co. Soc. For Cancer Control*, 591 F.Supp. 740, 754 (S.D. Ohio 1984). In *Johnson*, a suit to recover denied ERISA insurance benefits, the eighth Circuit held "that a suit for ERISA benefits under § 1132(a)(1)(B) should be characterizes as a contract action for statute of limitations

purposes...." 942 F.2d at 1263. In *Wright v. Southwestern Bell*, the court held that a claim for long term disability benefits under ERISA was most analogous to a breach of contract. 925 F.2d at 1291. Similarly, in *Cowden v. Montgomery Co. Soc. for Cancer Control*, 591 F.Supp. 740 (S.D. Ohio 1984), the Plaintiff alleged that a plan administrator failed to comply with the terms of the pension plan. This, according to the court, was a case which "sound[ed] in contract." 591 F.Supp. at 755. The applicable statute of limitations for such claims, the court continued, was Ohio Rev.Code § 2305.06 which provides that an action on a written contract may be brought within 15 years of the accrual of the cause of action.

■ In this case, the Plaintiff claims that the Defendant unjustifiably terminated his insurance benefits in violation of the terms of his plan. As discussed above, this does not involve the breach of a fiduciary duty. Rather, like in *Cowden* and *Johnson*, it is most closely analogous to a breach of contract. In applying the most analogous state statute of limitations, Ohio Rev.Code § 2305.06, this case is clearly timely.

b) SUMMARY JUDGMENT IS INAPPROPRIATE DUE TO THE EXISTENCE OF SUFFICIENT CONTRADICTORY EVIDENCE IN THE ADMINISTRATOR'S CLAIM FILE

■ The Supreme Court has held that courts shall apply a *de novo* standard where a plaintiff challenges a denial of benefits under § 1132(a)(1)(B) where, as here, the plan administrator has no discretionary authority over eligibility benefits, or to construe the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). In *Perry v. Simplicity Engineering*, 900 F.2d 963 (6th Cir.1990), the Sixth Circuit construed *de novo* to mean that the district court will review the case "without deference to the decision or any presumption of correctness, based on the record before the administrator." *Id.* at 966.

The Defendant claims that because there was no evidence in the administrator's claim file to contradict its finding that plaintiff's disability was mental and not physical, this Court should grant its motion for summary judgment. Although this Court agrees with the Defendant's underlying premise, we disagree with its ultimate conclusion regarding the existence of contradictory evidence. For example, the Plaintiff has annexed as an exhibit a letter from Dr. Ali G. Arani, dated April 2, 1984. On page three of his report, Dr. Arani states that plaintiff's illness is a "progressive disabling disease which in my opinion has made him totally disabled for all gainful employment." Dr. Arani continues that the Plaintiff's condition is "bound to worsen in the future" and that the "outcome of his illness is ... progressive. I do not see him to return to work either full time or part time in the future."

This diagnosis clearly contradicts Dr. Peggy McDonald's September 8, 1986 conclusion (annexed to Defendant's Motion for Summary Judgment, Doc. 19) that plaintiff's illness was of no *"obvious"* organic cause and that it *"may be"* the result of severe depression and mental disability. Furthermore, we are aware of no case that even remotely suggests that contradictory evidence must be presented subsequent to the administrator's determination. The only requirement is that the reviewing court limit its evaluation to the evidence presented to the plan administrator. *See, e.g., Perry v. Simplicity Engineering*, 900 F.2d 963, 966–67 (6th Cir.1990). Plaintiff claims that Dr. Arani's letter, along with other documents in the administrator's claim file, presents a triable issue of fact. Dr. Arani's report however, standing alone, offers enough contradictory evidence, even under the narrow *de novo* standard enunciated in *Perry*, to create a genuine issue of material fact regarding the administrator's decision.

## CONCLUSION

The Plaintiff's claim has been timely commenced under the applicable fifteen year statute of limitations of Ohio Rev. Code § 2305.06. Furthermore, sufficient contradictory evidence existed in the plan administrator's claim file at the time of its determination, to raise a genuine issue of material fact as to the propriety of the decision, even under the narrow *de novo* standard of review.

Accordingly, Defendant's Motion for Summary Judgment is denied.

SO ORDERED.