991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BONDS, Plaintiff-Appellant,
v.
MINE SAFETY APPLIANCES COMPANY; Salary Continuation Plan
Committee for Employees of Mine Safety Appliances Company;
Salary Continuation Plan for Employees of Mine Safety
Appliances Company; Mine Safety Appliances Multiple
Employee Benefit Plan Trust, Defendants-Appellees.
 No. 92-6110.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 William Bonds appeals a district court judgment which dismissed his case filed under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Bonds sought long term disability payments based on the residual effects of coronary bypass surgery that he underwent in 1989. On March 25, 1992, the district court granted the defendants' motions to dismiss the Mine Safety Appliances Company ("MSA") and the Salary Continuation Plan Committee ("SCPC") because they were not authorized to distribute the benefits that Bonds sought. On July 28, 1992, the court granted summary judgment to the remaining defendants because Bonds had not exhausted his administrative remedies. It is from this judgment that Bonds now appeals. The appellees have moved to strike portions of his reply brief because it contains material that had not been presented to the district court.
 
 
 3
 As an initial matter, we note that Bonds has abandoned his claims against the MSA and the SCPC by failing to challenge the dismissal of these defendants in his brief on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). As discussed below, the remaining defendants were entitled to summary judgment on the merits.
 
 
 4
 ERISA participants are normally required to exhaust their administrative remedies before commencing an action in federal court. Baxter v. C.A. Muer Corp., 941 F.2d 451, 453 (6th Cir.1991) (per curiam). The application of this requirement lies within the sound discretion of the district court. Id. However, we need not decide whether the exhaustion requirement was met in the present case because we affirm the district court's judgment on other grounds. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 A decision to deny ERISA benefits is reviewed de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the plan administrator or fiduciary enjoys sufficient discretion, the case is considered under the more deferential "arbitrary and capricious" standard of review. Bond's claim lacks substantial merit under either standard because he has not shown that he was totally disabled, as required for long term disability payments under the ERISA plan.
 
 
 6
 In an attempt to establish disability, Bonds has attached an award certificate from the Social Security Administration to his reply brief. However, in reviewing this claim, we may consider only the evidence that was presented to the plan administrators when the final decision to deny benefits was made. See Perry v. Simplicity Eng'g, Div. of Lukens Gen. Indus., 900 F.2d 963, 966 (6th Cir.1990). None of the medical evidence submitted at that time expressly indicated that Bonds was totally disabled. Moreover, the reports of two physicians indicated that Bonds could perform light work and that he could resume normal work activities. In light of this record, it cannot be said that the decision to deny long term disability payments was incorrect or that the defendants' actions were arbitrary and capricious. See id. at 967; Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir.1991).
 
 
 7
 Accordingly, the appellees' motion to strike is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.