*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0163P (6th Cir.)
File Name: 00a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RICHARD L. RAVENCRAFT,
  *Plaintiff-Appellant,*

   *v.*

UNUM LIFE INSURANCE
COMPANY OF AMERICA,
  *Defendant-Appellee.*

No. 98-6137

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 97-00076—Henry R. Wilhoit, Jr., District Judge.

Argued: March 8, 2000

Decided and Filed: May 12, 2000

Before: WELLFORD, SILER, and GILMAN, Circuit
Judges.

---

### COUNSEL

**ARGUED:** Richard W. Martin, MARTIN, JUSTICE,
VINCENT & LAVENDER, Ashland, Kentucky, for
Appellant. Ann M. Turner, WYATT, TARRANT &
COMBS, Louisville, Kentucky, for Appellee. **ON BRIEF:**
Richard W. Martin, MARTIN, JUSTICE, VINCENT &

LAVENDER, Ashland, Kentucky, for Appellant. Pamela J. Ledford, WYATT, TARRANT & COMBS, Louisville, Kentucky, for Appellee.

———————

**OPINION**

———————

HARRY W. WELLFORD, Circuit Judge.   Richard L. Ravencraft filed suit in Kentucky state court for disability benefits under an employer-sponsored plan through defendant, UNUM Life Insurance Company of America ("UNUM").   Asserting that the plan was governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, UNUM removed the case to federal court based upon federal question jurisdiction.   The district court granted summary judgment in favor of UNUM because Ravencraft failed to exhaust his administrative remedies. Ravencraft now appeals from the district court's grant of summary judgment and its dismissal with prejudice of his asserted cause of action.

Ravencraft, a pharmacist, filed his claim for long-term disability benefits in September of 1996 because of a knee replacement and a serious potential for the same operation on the other knee.[1]   His employer, insured through UNUM, denied his claim in February of 1997, over ninety days after the date that he filed his claim.   The denial of benefits included the following material language:

We have completed our review of your . . . disability claim and have made a final determination regarding . . . benefit disability.  Our review has concluded that we are unable to approve benefits.

. . .

———————

[1]Ravencraft concedes in his brief that he did receive short-term benefits after his operation.

prejudice.  Accordingly, we **VACATE** and **REMAND** this case to the district court to dismiss the asserted cause of action without prejudice.

If you have new, additional information to support your request for disability benefits, for instance proof of disability during the interim between June 4, 1996 and November 19, 1996, please send it to my attention at the above address.

If you do not agree with our decision, you may have it reviewed.  Should you desire a review, you must send a written request, within 60 days of your receipt of this notice, to:

> UNUM
> LTD Quality Review Section
> 2211 Congress Street
> Portland, ME  04122-0360

. . . You may also request copies of pertinent documents contained in your file.  If UNUM does not receive the written request within 60 days of your receipt of this notice, our claims decision will be final.

Rather than submit any new evidence to support his claim, or seek documentation for the result, or appeal within the time specified, Ravencraft filed suit.[2]

## I. *FUTILITY*

We have held in *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991), that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit."  This is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion.  We reiterated that exhaustion requirement in *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453-54 (6th Cir. 1991), citing with approval *Makar*

---

[2]Ravencraft returned to work with his employer, under protest, in June of 1997 following a period in which he did not receive any disability benefits.

*v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989).

While recognizing this clear Sixth Circuit authority, Ravencraft maintains that under the circumstances of this case he was not required first to exhaust his administrative remedies before filing suit because his pursuit of such remedies would have been futile. *See Springer v. Wal-Mart Assocs.' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990). Because we review a grant of summary judgment *de novo*, *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994), we look to the authorities, above cited, as well as the pertinent, virtually uncontested, factual circumstances to resolve this controversy.

We reject Ravencraft's assertion that the administrative process would have been futile based simply on the fact that the employer filed its denial of benefits beyond the ninety-day requirement set out in ERISA.[3] UNUM's actions do not bespeak that it ignored the claim, nor did UNUM fail to give Ravencraft's claim due consideration. That the "plan administrator . . . and trustees who review appeals share common interests or affiliations" is also insufficient to show futility. *See Amato v. Bernard*, 618 F.2d 559, 569 (9th Cir. 1980).[4] The policy required "a full and fair *review* of the claim," if a *claimant sought* a review or submitted additional documents to that end. As stated in *Makar*, review or exhaustion "enables plan fiduciaries to efficiently manage their funds; *correct their errors*; interpret plan provisions; and assemble a factual record which will assist a court in

---

[3]Plaintiff concedes that the 90-day period may be extended up to an additional 90 days if special circumstances so warrant.

[4]We are not persuaded by Ravencraft's argument that since his employer directed him to return to work shortly before the time for administrative appeal expired that this circumstance indicates futility. The fact is that plaintiff failed to pursue his available administrative review procedure.

reviewing the fiduciaries' actions." *Makar*, 872 F.2d at 83 (emphasis added.).

In this case, Ravencraft has failed to show that the review procedures are insufficient or unfair, or that an available remedy is inadequate. Ravencraft has thus, as a matter of law, failed to meet his burden to show futility so as to excuse the usual exhaustion requirement. *Weiner v. Klais and Co.*, 108 F.3d 86, 90 (6th Cir. 1997); *Makar*, 872 F.2d at 83. Accordingly, we **AFFIRM** the grant of summary judgment in favor of UNUM.

## II. *DISMISSAL WITH OR WITHOUT PREJUDICE*

In a Rule 59(e) motion, Ravencraft requested that the court amend its order of summary judgment to direct that the action be dismissed without prejudice. He urged the district court to adopt the conclusion in *Makar*, wherein the appellate court dismissed the case without prejudice and remanded to the district court "to allow [the claimants] the opportunity to pursue their [administrative] remedies." *Makar*, 872 F.2d at 83. *See Baxter*, 941 F.2d at 454 n.1. Thus, under those circumstances, this court held that the dismissal with prejudice was proper. *Id.*

Ravencraft claims that this case is factually similar to *Makar* and not *Baxter* because the district court dismissed his case solely based on his failure to exhaust his administrative remedies. Consequently, he argues, the district court should have dismissed the case without prejudice to pursue those remedies.

*Baxter* is distinguishable from the circumstances in this case because the plaintiff in *Baxter* lost on both the merits and on the basis of procedural deficiency. *Baxter* cited *Makar* with approval, and the latter involved *only* procedural failure on the part of the plaintiff. *Makar* is therefore akin to the facts in this case.

Under these circumstances, we believe the district court should have exercised its discretion to dismiss *without*