Linda F. HILL, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY d/b/a Metlife, Defendant.

No. 3:03–CV–394.

United States District Court, E.D. Tennessee, At Knoxville.

April 28, 2004.

John L. Miller, Martin B. Bailey, Wagner, Myers & Sanger, PC, Knoxville, TN, for Plaintiff.

John J. Heflin, III, Kenneth P. Jones, Bourland, Heflin, Alvarez & Minor, PLC, Memphis, TN, for Defendant.

### MEMORANDUM OPINION

VARLAN, District Judge.

This civil action was filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.* The case is before the Court on several pre-trial motions: Defendant's Motion to Dismiss [Doc. 10]; Defendant's Motion to Dismiss Amended Complaint [Doc. 19]; and Plaintiff's Application for 29 U.S.C. § 1132(c) Penalty and

Attorneys' Fees [Doc. 22]. The parties have filed thorough briefs and documentation in support of these motions [Docs. 12, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32]. The Court has carefully reviewed these pleadings in light of the entire record and controlling authority and the issues are ripe for determination.

For the reasons set forth herein, defendant's motion to dismiss [Doc. 10] will be **DENIED as moot**; defendant's motion to dismiss amended complaint [Doc. 19] will be **GRANTED**; and plaintiff's application for 29 U.S.C. § 1132(c) Penalty and Attorneys' Fees [Doc. 22] will be **DENIED**.

## I. *Relevant Facts*

As the Court is required to do on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court will construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Plaintiff was employed as a Senior Environmental Technician for UT–Battelle, LLC, and was a participant in UT–Battelle's group health plan, including a Long Term Disability Plan. [Doc. 1, Ex. A at ¶ 3.] MetLife was the third party claims fiduciary of the plan and responsible for determining the time, manner, amount and recipient of any payment of LTD benefits.[1] [*Id.* at ¶ 4.] Plaintiff suffers from several physical ailments, including an autoimmune deficiency disease called Sjogren's Syndrome and osteoarthritis. [*Id.* at ¶ 6.] Plaintiff asserts that her medical problems have rendered her continuously disabled since September 22, 2000. [*Id.* at ¶ 7.]

The plan's definition of "Total Disability" changes after a participant has received LTD benefits for a period of 24 months. During the first 24 months, the term "Total Disability" requires than a participant not be able to perform her "regular job with the company," while after 24 months, "Total Disability" requires that the participant be "unable to work at any job for which [he or she] might be qualified, based on ... education, training and experience." [*Id.* at ¶ 5.]

Plaintiff began receiving disability benefits from MetLife on March 22, 2001. [*Id.* at ¶ 8.] On March 26, 2003, MetLife informed plaintiff that, effective March 22, 2003, she would no longer receive LTD benefits because "there is insufficient objective/clinical medical evidence documented to support the existence of a totally disabling condition." [*Id.* at ¶ 9.] Plaintiff was simultaneously advised that she could appeal MetLife's decision by sending a written request within 180 days. [*Id.* at ¶ 10.] Moreover, MetLife's March 26, 2003 letter advised plaintiff:

> Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim.

[Doc. 24, Ex. B.]

Plaintiff subsequently began requesting documents and information from MetLife. On April 24, 2003, plaintiff requested documents, records, and other information related to her claim and further requested information related to the plan and standards for review of her claim. [*Id.* at ¶ 12.] Plaintiff received an incomplete response on May 15, 2003. [*Id.* at ¶ 13.] On

---

1. The record reflects that plaintiff was advised on August 25, 2003, that UT–Battelle changed the third-party administrator of the LTD plan from MetLife to CORE, Inc., effective September 1, 2003. [Doc. 15, Ex. B.]

June 13, 2003, plaintiff's counsel submitted another request for information from Met-Life. [*Id.* at ¶¶ 14–15.] MetLife's response, dated June 27, 2003, advised that MetLife had "received your appeal letter requesting review of your disability claim, which had been referred for an independent claim review." [*Id.* at ¶ 16.] It is undisputed that plaintiff had not, at that time, filed an appeal of the decision denying her LTD benefits. Plaintiff then sent a July 7, 2003 request that MetLife respond to the June 13, 2003 letter from her counsel. [*Id.* at ¶ 17.] On July 28, 2003, plaintiff's counsel received a package of records from MetLife purporting to be the "entire administrative record." However, it appears that the "entire administrative record" was actually sent in two packages. [Doc. 8 at ¶ 3, Ex. A.] Additionally, Met-Life agreed to allow plaintiff an additional 90 days, until December 25, 2003, to file an appeal of MetLife's benefits determination.

Plaintiff filed suit against defendant MetLife in the Knox County Chancery Court seeking injunctive relief and damages related to her claim for long term disability ("LTD") benefits and the case was timely removed to this Court. [Doc. 1.] Plaintiff alleges that MetLife has violated ERISA by failing to provide her with a reasonable opportunity for a full and fair review of the LTD benefits denial. [Doc. 1, Ex. A at ¶ 22.]

## II. *Analysis*

A brief review of the procedural history of this case is appropriate to put the following analysis and ruling in context. Following removal to this Court, defendant filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), asserting that plaintiff's claim is not ripe, she has failed to exhaust her administrative remedies and fails to state a claim under ERISA upon which relief can be granted. [Doc. 10.] Plaintiff then amended her complaint to assert a claim for statutory damages pursuant to 29

U.S.C. § 1132(c) for MetLife's failure to respond to plaintiff's requests for information. [Doc. 18.] MetLife accordingly filed a motion to dismiss plaintiff's amended complaint [Doc. 19] in which MetLife adopted the arguments supporting its initial motion to dismiss and also set forth the arguments for dismissing plaintiff's claim under § 1132(c). Plaintiff then filed her application for 29 U.S.C. § 1132(c) penalty and attorneys' fees. [Doc. 22.]

In light of this procedural history, defendant's initial motion to dismiss will be **DENIED as moot** inasmuch as plaintiff has amended her complaint. However, the Court will consider the arguments made in that motion as applied to plaintiff's amended complaint.

### A. *Motion to Dismiss Amended Complaint*

Defendant argues that plaintiff's case should be dismissed because the case is not ripe, she has failed to exhaust her administrative remedies, and she fails to state a claim upon which relief can be granted under ERISA. [Doc. 12.]

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir.2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

■ Defendant argues strenuously that ERISA requires claimants to exhaust their administrative remedies before commencing litigation, a point which plaintiff does not contest. Further, as noted previously, it is undisputed that plaintiff has not, as set forth in the present record, exhausted her administrative remedies by appealing MetLife's initial denial of benefits.

■ It is well-settled that the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit. *Ravencraft v. Unum Life Ins. Co. of Am.,* 212 F.3d 341, 343 (6th Cir.2000); *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 90 (6th Cir.1997); *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.1991); *McFarland v. Union Cent. Life Ins. Co.,* 907 F.Supp. 1153, 1163 (E.D.Tenn.1995); *Moffitt v. Whittle Comm., L.P.,* 895 F.Supp. 961, 969 (E.D.Tenn.1995). The purpose of this exhaustion requirement is to "enable[ ] plan fiduciaries to 'efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" *Weiner,* 108 F.3d at 90 (quoting *Baxter v. C.A. Muer Corp.,* 941 F.2d 451, 453 (6th Cir. 1991)). In light of the undisputed fact that plaintiff has not exhausted her administrative remedies, the Court finds that defendant's motion to dismiss the amended complaint is well-taken and should be GRANTED.

The Court observes that defendant's motion requests an award of attorney's fees and costs for defending this action pursuant to 29 U.S.C. § 1132(g)(1) and/or 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying these proceedings, a request that is repeated throughout these pleadings. [Docs. 11, 12, 19, 20, 25, 31.] Defendant contends that plaintiff's suit is completely without merit and brought in bad faith. As MetLife notes, however, an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) is within the Court's discretion. The Court declines to order such an award in this case.

### B. *Plaintiff's Application for 29 U.S.C. § 1132(c) Penalty and Attorney's Fees*

■ Plaintiff requests an award, pursuant to 29 U.S.C. § 1132(c), of $100 per day for each of defendant's alleged violations of its obligation under ERISA to provide plaintiff with requested information. [Doc. 22.] Plaintiff has suggested her request only applies to MetLife's failure to produce all of the requested documents up to and until the production of the administrative file as of July 24, 2003. [Doc. 23 at p. 9.] Plaintiff further explains that penalties began to accrue 30 days after her April 24, 2003 request for information, on May 24, 2003, and again on July 13, 2003, following her June 13, 2003 request for information. Thus, she seeks an award of $7200 for the combined violations of sixty-one (61) days and eleven (11) days. [Doc. 23 at p. 15.]

Defendant asserts that plaintiff cannot obtain relief under § 1132(c) from MetLife because § 1132(c) only applies to plan administrators and not to claims administrators such as MetLife. [Doc. 20.] Plaintiff vigorously argues that MetLife's claim that it is not the plan administrator is disingenuous at this stage and, in any event, MetLife is at least the plan administrator's delegate and therefore should be responsible for providing information under § 1132(c). In short, plaintiff argues that MetLife has held itself out as the plan administrator and should therefore be penalized under § 1132(c) for failing to time-

ly provide the information she requested. The parties have offered thorough analyses of the law on both sides of this issue.

29 U.S.C. § 1132(c)(1) provides in pertinent part as follows:

Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Thus, the statute clearly provides that the decision to award such penalties is discretionary with the Court. The Court finds that such an award is not appropriate in this case. While MetLife did not provide the information plaintiff requested as promptly as expected, plaintiff did eventually receive the administrative file and was provided with an extended period of time in which to file an appeal. Therefore, the Court need not resolve the issue of whether MetLife is a plan administrator or not. In light of the Court's determination on this issue, plaintiff's request to conduct discovery on MetLife's role is moot. [*See* Doc. 26 at p. 2, n. 2.]

Plaintiff also requests that the Court award her attorney's fees pursuant to § 1132(g), regardless of whether plaintiff is successful under § 1132(c), as her lawsuit "was the catalyst to MetLife's claims department arousing from its slumber." [Doc. 23 at p. 24.] Plaintiff may be correct in that her actions and lawsuit have focused MetLife's attention on the proper handling and evaluation of her claim. Nevertheless, an award of attorney's fees under § 1132(g) is also discretionary and the Court declines to order such an award in this case. Therefore, plaintiff's applica-

tion for § 1132(c) penalties and attorney's fees will be **DENIED**.

### III. *Conclusion*

For the reasons set forth herein, defendant's motion to dismiss [Doc. 10] will be **DENIED as moot**; defendant's motion to dismiss amended complaint [Doc. 19] will be **GRANTED**; and plaintiff's application for 29 U.S.C. § 1132(c) Penalty and Attorneys' Fees [Doc. 22] will be **DENIED**.

Order accordingly.

### *ORDER*

For the reasons set forth in the accompanying Memorandum Opinion, defendant's motion to dismiss [Doc. 10] is hereby **DENIED as moot**; defendant's motion to dismiss amended complaint [Doc. 19] is hereby **GRANTED**; and plaintiff's application for 29 U.S.C. § 1132(c) Penalty and Attorneys' Fees [Doc. 22] is hereby **DENIED**. This case is hereby **DISMISSED without prejudice** and the Clerk is **DIRECTED** to close the file.

IT IS SO ORDERED.