892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sharon O. CARPER, Plaintiff-Appellant,
v.
DOMINION BANKSHARES MORTGAGE CORPORATION, Defendant-Appellee.
 No. 88-2970.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 10, 1989.
Decided: Dec. 19, 1989.
Rehearing Denied Jan. 16. 1990.
 
 Jay Joseph Levit (Levit & Mann, on brief), for appellant.
 Anne Gordon Greever (J. Mark DeBord, Hunton & Williams, on brief), for appellee.
 Before WIDENER and WILKINS, Circuit Judges, and JAMES C. TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.
 WIDENER, Circuit Judge:
 
 
 1
 Sharon O. Carper filed suit alleging that Dominion Bankshares Mortgage Corporation (Dominion) breached an employment contract, committed fraud, wrongfully denied her employment benefits, and discharged her in violation of 29 U.S.C. § 1140 (interfering with her protected rights under ERISA). The district court granted summary judgment on all claims. On appeal Mrs. Carper argues that the district court improperly granted summary judgment on her claims under the Employee Retirement Income Security Act (ERISA), and that the district court abused its discretion in not remanding the state claims to the state court.[1] We are of opinion the district court properly granted summary judgment on the ERISA claims, but abused its discretion in not remanding the state claims.
 
 
 2
 Mrs. Carper worked for Dominion as an office manager until August 17, 1987. As a result of certain problems with the employment relationship not relevant here, she was told by her supervisor, Greg Lee, that she could either resign or she would be fired. Mrs. Carper resigned. She took no steps to apply for disability benefits or sick leave. She never requested assistance from any other person to apply for job-related benefits. She brought suit alleging that Dominion breached its employment contract, committed fraud in obtaining her resignation, wrongfully denied her employment benefits, and dismissed her in violation of 29 U.S.C. § 1140. Mrs. Carper, a Virginia resident, originally filed this action in federal court alleging diversity jurisdiction. Dominion informed her, however, that no diversity existed since it had dual corporate citizenship in Virginia and Maryland. At Dominion's urging, Mrs. Carper voluntarily dismissed her action in federal court and brought it in a Virginia state court. Dominion then removed the action into federal court on the ground that the complaint alleged claims under ERISA. Mrs. Carper sought clarification from the district court as to the status of the pendent state law claims, whereupon the district court entered its formal order which in relevant part provided: "If the plaintiff's ERISA claim proceeds to trial, the Court will exercise pendent jurisdiction over the state claims pursuant to United Mineworkers v. Gibbs, 383 U.S. 715 (1966). If the ERISA claims are dismissed, the state claims will be remanded to state court." Before the district court, Mrs. Carper's attorney abandoned any claims of retaliatory discharge under ERISA. He stated that "I can't prove retaliatory discharge under the statute and I wouldn't waste the Court's time and resources delving into that issue. I cannot prove that my client was fired in order to prevent her from attaining ERISA benefits or because she was about to exercise an ERISA right."
 
 
 3
 After various motions and arguments, the district court, without referring to its earlier order or explaining why it was not followed, entered summary judgment for Dominion on Mrs. Carper's state claims as well as her ERISA claims. Mrs. Carper appeals.
 
 
 4
 We first address the ERISA claims. Mrs. Carper alleged both that Dominion dismissed her in violation of 29 U.S.C. § 1140 and that it wrongfully denied her employment benefits. She abandoned the retaliatory discharge claims in open court, but now argues, without authority, that the claim is still viable. She has shown no reason, however, to treat the abandonment as a concession improvidently made. We fail to see error in the district court's grant of summary judgment on this claim.
 
 
 5
 Mrs. Carper also claims that Dominion wrongfully denied her sick pay and disability employment benefits under ERISA. Exhaustion of plan remedies is required before an employee can pursue an ERISA action for denial of benefits. Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 82 (4th Cir.1989). She did not even apply for benefits, but argues that she should not be required to exhaust plan remedies because it would be futile. Her primary effort to show futility is her assertion that an application would have been futile.[2] Such a bare allegation, however, is not enough to meet the "clear and positive" showing of futility needed to suspend the exhaustion requirement. Makar, 872 F.2d at 83. Since Mrs. Carper had not exhausted her administrative remedies, the district court properly granted summary judgment on the denial of benefits ERISA claim.
 
 
 6
 We next consider whether the district court abused its discretion in not remanding the state claims. To repeat, the district court in a formal order stated that: "If the plaintiff's ERISA claim proceeds to trial, the Court will exercise pendent jurisdiction over the state claims pursuant to United Mineworkers v. Gibbs, 383 U.S. 715 (1966). If the ERISA claims are dismissed, the state claims will be remanded to state court." Then, later, the district court, without explanation, granted summary judgment against Mrs. Carper on the state claims. To follow the plain language of its order, the district court should have remanded the state claims when the ERISA claims did not proceed to trial. A pretrial order is "not set in stone, but may be relaxed for good cause, extraordinary circumstances, or in the interest of justice." Barwick v. Celotex Corp., 736 F.2d 946, 954 (4th Cir.1984). Here, however, the district court gave no reason for not following its previous order, indeed it did not mention the same. Mrs. Carper claims that her litigation strategy was affected by the district court's pretrial order in that she would have proceeded differently if the pretrial order had not assured her that the state claims would be remanded if her ERISA claims did not survive pretrial motions, and we must say that the logic of her position is unassailable, absent sufficient explanation which is not present here. We are of opinion that the district court abused its discretion in dismissing Mrs. Carper's state claims without explaining why it was not following its earlier order and without mentioning the same.
 
 
 7
 The judgment of the district court, so far as it concerns all of the plaintiff's claims under ERISA, is affirmed, except those ERISA claims with respect to sick pay and disability benefits.
 
 
 8
 The plaintiff's ERISA claims with respect to sick pay and disability benefits, being dismissed for want of exhaustion of administrative remedies, should have been dismissed without prejudice, and the district court will modify its order accordingly.
 
 
 9
 The judgment of the district court, so far as it entered judgment for the defendant on the plaintiff's claims under state law, is vacated. On remand, the district court will remand all the plaintiff's claims under state law against the defendant to the state court from which they were removed.
 
 
 10
 AFFIRMED IN PART; MODIFIED IN PART; VACATED IN PART; and REMANDED WITH INSTRUCTIONS.[3]
 
 
 
 [1]
 Plaintiff raises several other issues related to the state claims which we do not reach having determined that the state claims should have been remanded
 
 
 [2]
 Mrs. Carper also argues that exhaustion is not required because of her related claim of retaliatory discharge relying on Amaro v. Continental Can Co., 724 F.2d 747 (9th Cir.1984). However, as discussed earlier, her retaliatory discharge claim is without merit so we do not reach the issue of whether exhaustion is required in cases of retaliatory discharge
 
 
 [3]
 It follows that the deposition cost of $1,040.00 awarded defendant is vacated. Each party shall bear its own share of the costs on appeal