979 F.2d 848
 16 Employee Benefits Cas. 1070
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward Earl RIGGS, Plaintiff-Appellee,
v.
A. J. BALLARD TIRE & OIL COMPANY, INCORPORATED PENSION PLAN
AND TRUST; A. J. Ballard, Jr. Tire & Oil Company,
Incorporated Profit Sharing Trust; A. J. Ballard, Jr. Tire
& Oil Company, Incorporated; A. J. Ballard, Jr.,
Defendants-Appellants.
Edward Earl RIGGS, Plaintiff-Appellant,
v.
A. J. BALLARD TIRE & OIL COMPANY, INCORPORATED PENSION PLAN
AND TRUST; A. J. Ballard, Jr. Tire & Oil Company,
Incorporated Profit Shairng Trust; A. J. Ballard, Jr. Tire
& Oil Company, Incorporated; A. J. Ballard, Jr.,
Defendants-Appellees.
 Nos. 91-2130, 91-2219.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 6, 1992
Decided: November 19, 1992
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern. Wallace Wade Dixon, Magistrate Judge.
 Argued: Donald Joseph Dunn, Barker & Dunn, New Bern, North Carolina, for Appellants.
 Elliot Zemek, Sumrell, Sugg, Carmichael & Ashton, P.A., New Bern, North Carolina, for Appellee.
 On Brief: Rudolph A. Ashton, III; James R. Sugg, Sumrell, Sugg, Carmichael & Ashton, P.A., New Bern, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED IN PART, AFFIRMED AS MODIFIED IN PART, AND REMANDED IN PART.
 Before WILKINS and HAMILTON, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 WILKINS, Circuit Judge:
 
 
 1
 A. J. Ballard, Jr. Tire & Oil Company, Inc.[1] appeals the magistrate judge's decision finding Edward Earl Riggs presently entitled to benefits under pension and profit sharing plans governed by the Employee Retirement Income Security Act, 29 U.S.C.A.ss 10011461 (West 1985 & Supp. 1992) and awarding attorney's fees to Riggs. Riggs cross appeals the refusal of the lower court to award the full amount of attorney's fees he sought and the failure of the court to impose a penalty under 29 U.S.C.A. § 1132(c)(1) (West Supp. 1992). We affirm, as modified, the rulings on the interpretation of the plan documents and the attorney's fee award. However, we remand to the magistrate judge for reconsideration of whether a statutory penalty should be imposed.
 
 I.
 
 2
 Riggs was employed by the Company for sixteen and one-half years when he was terminated in September 1988 as a result of what the Company president believed to have been misconduct on his part. Approximately two weeks before his termination, Riggs suffered a temporarily, totally-disabling back injury for which he received workers' compensation benefits for a 43-week period ending June 26, 1989. Prior to this latter date, Riggs developed a kidney disease which required daily dialysis.
 
 
 3
 Beginning in January 1989, Riggs' attorneys began to seek information from the Company concerning the vested benefits to which Riggs was entitled under pension and profit sharing plans sponsored by the Company. The Company responded that as a terminated employee, Riggs was not entitled to benefits at that time. In December 1989, Riggs' attorneys mailed a certified letter to the Company informing it of Riggs' disability and requesting information concerning the plans, including copies of the summary plan descriptions and statements showing Riggs' accrued benefits. Although Riggs received a letter from a firm retained by the Company to assist in administration of the pension plan that indicated pension benefits should be paid, and although Riggs' attorneys made an additional written request for benefits information on January 10, 1990, the Company failed to provide Riggs with any of the requested information or to take any action with respect to his claim for benefits. Having received no response by March 7, 1990, Riggs filed this suit seeking a determination of his rights to receive benefits under the plans, an award of attorney's fees and costs, and imposition of a statutory penalty upon the Company for its failure to provide him with the requested information.
 
 
 4
 A magistrate judge, hearing the case by consent, found that the president of the Company, A. J. Ballard, Jr., was acting in bad faith to deprive Riggs of benefits due under the plan in retribution for what Ballard believed was Riggs' misconduct. As a result of this finding of bad faith, and based on the fact that the Company failed to furnish Riggs the material he sought or to take any action on Riggs' request for benefits, the magistrate judge found that exhaustion of administrative remedies provided in the plans was futile and therefore excused. The magistrate judge interpreted the plan documents and concluded that Riggs was entitled to immediate payment of benefits under both plans. Additionally, the court awarded attorney's fees and costs to Riggs. The lower court, however, declined to impose a statutory penalty based on the Company's failure to provide the requested information.
 
 II.
 
 5
 An employee generally must exhaust administrative remedies before bringing an action under ERISA to recover benefits under a plan. Makar v. Health Care Corp. of the Mid-Atlantic (CareFirst), 872 F.2d 80, 82 (4th Cir. 1989). The magistrate judge found that exhaustion would be futile in this instance in view of Ballard's bad faith and the total failure of the Company to take any action on Riggs' claim or to supply him the information he sought. We cannot say that this finding is clearly erroneous. See id. at 83. Therefore, Riggs' failure to exhaust administrative remedies is excused.
 
 
 6
 When administrative exhaustion is excused, the trial court must determine the claimant's entitlement to benefits in the first instance. See Licensed Div. Dist. No. 1 MEBA/NMU, AFL-CIO v. Defries, 943 F.2d 474, 478-80 (4th Cir. 1991), cert. denied, 112 S. Ct. 972 (U.S. 1992). This court reviews legal conclusions of the lower court de novo. Id. at 480. However, we will accept the factual findings of the trial court unless clearly erroneous. Id.
 
 A.
 
 7
 There is no dispute that Riggs is entitled to his vested benefits under the plans; the sole issue before the court concerning the interpretation of the plans is the timing of payment of the benefits. The magistrate judge interpreted section 5.4(c) of the pension plan as requiring payment to Riggs on the anniversary date following his disability, November 1, 1989. The Company argues that benefits are not yet due to Riggs under section 5.6 of the plan.
 
 
 8
 Section 5.4(c) of the pension plan provides in pertinent part:
 
 
 9
 In the event of the Terminated Participant's Total and Permanent Disability subsequent to his termination of employment, the Terminated Participant (or his Beneficiary) shall receive the Present Value of his Vested Accrued Benefit as of the Anniversary Date [November 1] coinciding with or next following the date of his Total and Permanent Disability.
 
 
 10
 (Emphasis added.) The parties stipulated that Riggs became disabled within the meaning of the plan beginning at least by June 21, 1989. We believe the plain meaning of this provision entitles Riggs to payment on the anniversary date next following the date he became disabled, November 1, 1989.[2]
 
 
 11
 The Company argues that benefits should be denied under an alternative provision of the pension plan, section 5.6, which generally governs the payment of benefits to employees who are terminated prior to retirement. The Company maintains that this section requires that Riggs not receive benefits until his 65th birthday. Section 5.6, however, does not address employees who have become disabled subsequent to their termination. Thus, section 5.4(c), which specifically addresses this situation, is the controlling provision.
 
 B.
 
 12
 The magistrate judge also determined that benefits were immediately payable to Riggs under the provisions of the profit sharing plan, which are quite different from those of the pension plan. Section 7.4 of the profit sharing plan, entitled "Date of Commencement of All Benefits Payable Under the Plan" states in pertinent part:
 
 
 13
 (b) Unless the Participant or his Beneficiary requests otherwise as hereinafter provided, in the case of death or retirement (including Disability), distribution may be made as soon as feasible on or after the occurrence of the event causing such distribution.
 
 
 14
 (c) Unless a Participant requests otherwise as hereinafter provided, if a Participant terminates his Service for any reason other than death or retirement, distribution of his benefit may be made prior to the time such Participant incurs a Break in Service as provided in Section 7.6 or at such other time as the Committee shall determine within the time limits set forth in Section 7.4(d).
 
 
 15
 (d) Unless a Participant or his Beneficiary requests otherwise as hereinafter provided, the payment of a Participant's benefit shall begin not later than the 60th day after the later of the Valuation Date of the Plan Year in which (i) the Participant attains Normal Retirement Age or (ii) the Participant terminates his Service with the Employer.
 
 
 16
 (e) A Participant or his Beneficiary may request that the Committee begin payment of his benefit at a date later than the dates described above....
 
 
 17
 (f) Notwithstanding the provisions of section 7.4(d) to the contrary, any Participant who meets the service requirement for early retirement and terminates his Service with a vested interest under the Plan prior to attaining the early retirement age requirement, shall be entitled, unless he elects otherwise ... to commence receiving payment of his benefit upon the Valuation Date coinciding with or next following his attaining the early retirement age.
 
 
 18
 It is undisputed that Riggs was terminated for a reason other than death or retirement-Ballard fired Riggs because of his alleged misconduct-and that the Company did not elect to pay Riggs prior to a break in service under section 7.6. Thus, Riggs is entitled to payment under section 7.4(d) subject to the exception contained in subsection (f). Because Riggs had completed the required number of years of service and was fully vested, but had not yet reached age 55, the subsection (f) exception applies, and Riggs is not entitled to payment of his profit sharing benefits until the valuation date following his attainment of age 55.
 
 
 19
 Riggs attempts to avoid this result by arguing that section 7.4(c) permits him to elect to receive his benefits earlier. The language upon which he relies states, "unless the Participant requests otherwise as hereinafter provided." This provision clearly references subsection (e) which permits the employee to elect to receive his benefits at a date later than that provided, if the Company approves. Riggs also contends that section 7.4(f) provides that he receive benefits at early retirement age "unless he elects otherwise." We similarly read this provision to reference subsection (e), permitting Riggs to elect only a later distribution.
 
 III.
 
 20
 In any action by a participant to obtain benefits under a plan governed by ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.A. § 1132(g) (West 1985). We review the amount of an attorney's fee award only for an abuse of discretion by the lower court. See McDonald v. Centra, Inc., 946 F.2d 1059, 1065-66 (4th Cir. 1991), cert. denied, 112 S. Ct. 2325 (1992). The ruling of the magistrate judge indicates that he carefully considered the amount of attorney's fees to be awarded. He determined that the hourly fee requested was reasonable, and the Company does not dispute this finding. The lower court examined the requested hours, determined that they were excessive, and reduced them by one third. The court then multiplied the hourly rate by the reduced number of hours to arrive at the amount of the award. We cannot say that the amount of attorney's fees upon which the magistrate judge settled was an abuse of discretion.
 
 IV.
 
 21
 Congress imposed a duty on administrators of plans governed by ERISA to furnish specified information to participants upon written request. See, e.g., 29 U.S.C.A. §§ 1024(b)(4), 1025(a) (West 1985). In the event an administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant" within 30 days, the administrator "may in the court's discretion be personally liable to such participant ... in the amount of up to $100 a day from the date of such failure or refusal." 29 U.S.C.A. § 1132(c)(1) (West Supp. 1992) (emphasis added).
 
 
 22
 Our review of the ruling of the lower court indicates that the magistrate judge suffered from the mistaken belief that the administrator of the plans under consideration was not a party to the action. However, the parties stipulated in the pretrial order that one of the named defendants, A. J. Ballard, Jr. Tire & Oil Company, Inc., was the administrator of the plans. As such, it would be personally responsible for any penalty assessed. Consequently, we remand for the magistrate judge to determine if a penalty should be imposed on A. J. Ballard, Jr. Tire & Oil Company, Inc., and if imposition of a penalty is appropriate, to set the amount.
 
 V.
 
 23
 In summary, we affirm the decision of the magistrate judge that Riggs became qualified to receive his vested interest in the pension plan on November 1, 1989. We agree that Riggs is entitled to benefits under the profit sharing plan but modify the decision of the lower court to reflect our conclusion that Riggs is not entitled to payment until the valuation date following his attaining the age of 55. The attorney's fee award was not an abuse of discretion and is affirmed. We view the failure of the magistrate judge to award a statutory penalty to have been based on his misapprehension that an appropriate party against whom the penalty could be assessed was not before the court; therefore, we remand for the magistrate judge to reconsider this issue.
 
 
 24
 Although we remand for reconsideration of the imposition of the penalty, the remand shall not stay immediate enforcement of the judgment. Costs shall be taxed to the Company. The court directs the clerk to issue the mandate immediately.
 
 
 25
 AFFIRMED IN PART; AFFIRMED AS MODIFIED IN PART; AND REMANDED IN PART
 
 
 
 [1]
 Plaintiff sued A. J. Ballard, Jr. Tire & Oil Company, Inc.; A. J. Ballard Tire & Oil Company, Inc. Pension Plan & Trust; A. J. Ballard, Jr. Tire & Oil Co., Inc. Profit Sharing Trust and A. J. Ballard, Jr. Each of these parties appeals the decision below. For ease of reference we refer to appellants collectively as A. J. Ballard, Jr. Tire & Oil Company, Inc. or the Company
 
 
 [2]
 The magistrate judge held in the alternative that, considering the overlap of Riggs' disabling back injury and his kidney disease, Riggs was disabled within the meaning of the plan prior to his termination. We conclude, however, that section 5.4(a) is inapplicable to Riggs because he did not satisfy the requirement of that provision that his employment with the Company cease as a result of the disability