**Kathryn M. RUEHL, Plaintiff,**

v.

**JOHN ALDEN LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 6:93–0189.**

United States District Court, S.D. West Virginia, Parkersburg Division.

April 8, 1993.

---

Daniel A. Ruley, Jr., Ruley & Everett, Parkersburg, WV, for plaintiff.

John R. Fowler, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand. Plaintiff urges removal of this action from state court was improvident and this Court

---

1. In relevant part, 29 U.S.C. § 1332(e) provides: "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

The portion of 29 U.S.C. § 1332(a) relevant to this action states:

should disclaim jurisdiction. For reasons which follow, the Court **DENIES** the motion.

Plaintiff initiated this action in the Circuit Court of Wood County, West Virginia. The suit alleges Plaintiff is the beneficiary of a group health insurance policy issued by Defendant to GBS of MOV, Inc., the company which employs Plaintiff's husband. Plaintiff disputes Defendant's recision of her health benefits and refusal to pay expenses she incurred from certain medical and surgical treatments. In her complaint, Plaintiff alleged solely that Defendant's denial of benefits constituted a breach of contract.

Although Plaintiff's complaint made no mention of the Employee Retirement Income Security Act, 29 U.S.C. § 1001–1461 ("ERISA"), Defendant removed the action to this Court, alleging the suit arose pursuant to ERISA and this Court therefore possesses original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)[1] and (f). Plaintiff asserts because her action is based solely on state law, this Court shares concurrent jurisdiction with the state court pursuant to 29 U.S.C. § 1132(e)(1), and should decline to entertain the claim.

## I. REMOVAL JURISDICTION

The Court must first determine whether removal jurisdiction exists in this case. Defendant asserts in its removal notice that while Plaintiff's cause of action alleges only a state claim on its face, in fact, the Plaintiff's cause of action is pre-empted by ERISA. Specifically, Defendant asserts Plaintiff's complaint states a cause of action under a group health insurance plan within the scope of ERISA, and as such, raises a federal question under 29 U.S.C. § 1132(a)(1)(B). Accordingly, Defendant argues that under 28 U.S.C. § 1441(b) the action is removable without regard to the citizenship of the parties.

A civil action may be brought—
(1) by a participant or beneficiary—
. . . .
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The Supreme Court resolved this question in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). There, the Court expressly determined an action brought in state court alleging state law claims which are pre-empted by ERISA is an action arising under the laws of the United States and is therefore removable. In *Metropolitan Life*, as in the instant case, Plaintiff alleged only state claims in his complaint.

The Court held based on ERISA's sweeping preemptive effect and the complete preemption exception to the well-pleaded complaint rule, "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § [1132](a) removable to federal court" and "we must honor that intent whether preemption was obvious or not at the time this suit was filed." *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. at 1548. *See also Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 990 (4th Cir.1990), *cert. denied*, 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990) (holding ERISA's broad preemption supersedes state contract action where the action "relates to" an employee benefit plan); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir.1989) (holding although plaintiffs made no mention of ERISA in their complaint, defendant's removal was proper based on ERISA's sweeping preemptive effect and the complete preemption exception to the well-pleaded complaint rule).

After *Metropolitan Life*, there exists no doubt this Court possesses removal jurisdiction of this action. Clearly, Plaintiff's claim relates to an employee benefit plan. 29 U.S.C. § 1144(a). It is based upon common law of general application that is not a law regulating insurance. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48–51, 107 S.Ct. 1549, 1553–1555, 95 L.Ed.2d 39 (1987). Accordingly, the suit is pre-empted by § 1132(a). *Metropolitan Life*, 481 U.S. at 62, 107 S.Ct. at 1545. "Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § [1132](a)(1)(B) of

ERISA, which provides an exclusive federal cause of action for resolution of such disputes." *Id.* at 62–63, 107 S.Ct. at 1546. The Court concludes removal of this action was proper.

## II. CHOICE OF FORUMS

■ Plaintiff alleges as well that because Congress provided in 29 U.S.C. § 1132(e)(1) state courts of competent jurisdiction and United States district courts share concurrent jurisdiction of actions under § 1132(a)(1)(B), Plaintiff enjoyed a choice of forums this Court should honor by declining to exercise jurisdiction.

Existence of concurrent jurisdiction under § 1132(e)(1) does not defeat Defendant's right to removal under 28 U.S.C. § 1441(b).[2] The Supreme Court in *Metropolitan Life* held "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § [1132](a) removable to federal court." *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. at 1548.

Although federal preemption alone will not ordinarily suffice to recharacterize a cause of action to arise under federal law, such recharacterization is appropriate in instances where Congress has so completely pre-empted a particular area that any complaint raising a claim in the area is necessarily federal in character. *Avco Corp. v. Int'l Ass'n of Machinists*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). The Supreme Court has held the *Avco* principle will apply if the state cause of action is both "preempted by ERISA" and "within the scope of § [1132](a) of ERISA." *Metropolitan Life*, 481 U.S. at 64, 107 S.Ct. at 1547. The instant claim meets these criteria. This action was therefore properly removed, and the Court will not interfere with Defendant's right to removal under 28 U.S.C. § 1441(b).

## III. CONCLUSION

The Court concludes removal of this action from the Circuit Court of Wood County,

---

**2.** Section 1441(b) provides in relevant portion: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

West Virginia, was proper, and that it possesses jurisdiction pursuant to 28 U.S.C. § 1441(b), 29 U.S.C. § 1132(a), and the Supreme Court's decision in *Metropolitan Life.* Accordingly, the Court **DENIES** Plaintiff's motion to remand.