Deborah STOCKER, Plaintiff,

v.

CLONINGER FORD, INC., Defendant.

Civil No. 1:04CV00173.

United States District Court, M.D. North Carolina.

Oct. 22, 2004.

Michael Doran, Doran Shelby Pethel & Hudson, PA, Salisbury, NC, for Plaintiff.

Roman C. Pibl, Salisbury, NC, for Defendant.

### MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiff Deborah Stocker filed this action against her former employer, Cloninger Ford, Inc. (hereinafter "Defendant"), in the General Court of Justice, Superior Court Division of Rowan County, North Carolina, on January 9, 2004. Stocker seeks payment of medical expenses under her employer-sponsored health benefits plan, asserting that Defendant breached its contractual obligations when it refused to pay claims submitted by her health care providers. On February 20, 2004, Defendant removed the action pursuant to 28 U.S.C. §§ 1441 and 1446, asserting this court's original jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Before the court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contained in its answer.[1] For the reasons set forth below, Defendant's motion will be denied.

### FACTS

The following discussion presents the facts in the light most favorable to Stocker, the non-moving party, as stated in her complaint. While employed by Defendant, Stocker participated in an employer-spon-

1. Local Rule 7.3(a) requires that each motion shall be set out in a separate pleading and accompanied by a brief. A motion unaccom- panied by a brief may be summarily denied. L.R. 7.3(k). The court will, nevertheless, in its discretion, consider Defendant's motion.

sored health benefits plan (the "Plan"). Upon her resignation on August 24, 2002, Stocker elected to continue her participation in the Plan under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") amendments to ERISA. Sometime after August 24, 2002, Stocker suffered injuries resulting from a fall from a horse. Stocker received treatment for her injuries, and, believing she was covered under the Plan, instructed her health care providers to submit claims for payment to Defendant. Defendant refused to pay Stocker's medical expenses, contending that at the time of her injuries Stocker was not an eligible Plan participant. Stocker sued under a state-law breach of contract theory, seeking payment of benefits under the Plan and damages.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. The court's inquiry is limited to whether the allegations in the complaint entitle the plaintiff to relief. *See Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, the court assumes that the allegations of the complaint are true and construes them in the light most favorable to the plaintiff.

*See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Conclusions of law or unwarranted deductions of fact, however, are not admitted. *See Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 218 (4th Cir.1994).

■ The Plan in which Stocker participated is an "employee welfare benefit plan" under ERISA.[2] 29 U.S.C. § 1002(1)(A). ERISA Section 502 creates a private cause of action for a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This civil enforcement provision "completely preempts state law claims that come within its scope." *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir.2002) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). However, "when a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502." *Id.* at 195. Thus, Stocker's state law breach of contract claim is, upon removal, converted into a "federal claim for the enforcement of contractual rights under § 502(a)(i)(B)," and is not subject to dismissal merely because ERISA preempts the state action. *Id.*

---

2. Stocker does not dispute that her claim is governed by ERISA, but qualifies her position by asserting ERISA's preemption saving clause, 29 U.S.C. § 1144(b)(2), "to the extent that Plan benefits are payable from an insurance contract, rather than a self-funded employer trust fund." (Pl.'s Br. Resp. Def.'s Mot. Dismiss at 2.) The court reads Stocker's argument not as an assertion that the Plan is not governed by ERISA, but as an attempt to avoid dismissal in the event that the court finds her state law claims preempted by ERISA. As discussed *infra*, Stocker's claim is not subject to dismissal simply because it is preempted by ERISA, and thus her saving clause argument is given no further consideration.

While ERISA includes no express statutory provision requiring exhaustion of administrative remedies before filing a civil action in the district court, "the Act's text and structure as well as the strong federal interest in encouraging private resolution of ERISA disputes" has led most courts to impose such a requirement. *Makar v. Health Care Corp. of the Mid–Atlantic (Carefirst)*, 872 F.2d 80, 82 (4th Cir.1989). Although Defendant alludes to Stocker's failure to meet this requirement in its answer, it filed no brief arguing this point and is deemed to have waived it.

### CONCLUSION

For the reasons set forth in this opinion, the Defendant's motion to dismiss will be denied.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.