**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1549**

---

JERRY ISAACS,

                            Plaintiff - Appellant,

        versus

METROPOLITAN LIFE INSURANCE COMPANY,

                              Defendant - Appellee,

        and

ROBERT BOSCH SHORT TERM DISABILITY PLAN,

                                      Defendant.

---

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:06-cv-00288-DCN)

---

Argued:  May 15, 2008                  Decided:  June 13, 2008

---

Before NIEMEYER and DUNCAN, Circuit Judges, and Claude M. HILTON,
Senior United States District Judge for the Eastern District of
Virginia, sitting by designation.

---

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion,
in which Judge Niemeyer and Senior Judge Hilton joined.

Robert Edward Hoskins, FOSTER LAW FIRM, LLP, Greenville, South Carolina, for Appellant. James Derrick Quattlebaum, HAYNSWORTH, SINKLER & BOYD, PA, Greenville, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Jerry Isaacs ("Isaacs") brought this action seeking a declaration of his entitlement to long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. The district court granted summary judgment in favor of defendant-appellee Metropolitan Life Insurance Company ("MetLife"), holding that Isaacs had not exhausted his administrative remedies because he failed to file an LTD claim within ninety days after his "date of loss," as required by the plan. We affirm, albeit for slightly different reasons than those given by the district court.

I.

Isaacs appeals the district court's grant of summary judgment in favor of MetLife. Accordingly, we review the facts in the light most favorable to Isaacs. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Isaacs was employed by the Robert Bosch Corporation ("Bosch") and participated in the Robert Bosch LTD Plan (the "LTD Plan"). MetLife is the claims administrator for the LTD Plan. MetLife also serves as the administrator for a separate Bosch short-term disability ("STD") plan, and for Bosch employees' requests for leave under the Family and Medical Leave Act ("FMLA").

3

The LTD Plan detailed two methods through which a claimant could initiate a claim for LTD benefits. One option allowed a claimant to submit a notice of claim and supporting written evidence directly to MetLife. Under the second option, a claimant could give notice to MetLife by calling a toll-free telephone number, after which MetLife would send a claim form to be returned by the claimant with supporting written evidence to MetLife.

Isaacs stopped reporting for work at Bosch on February 10, 2005, for reasons that are beyond the scope of this appeal. On February 18, 2005, Isaacs initiated a telephonic claim for benefits. MetLife processed the call as a concurrent FMLA/STD claim and sent forms to Isaacs, which he completed.[1] Isaacs visited Dr. Arlene Olaisen, who evaluated Isaacs and completed an Attending Physician Statement on his behalf. Dr. Olaisen informed MetLife that she had <u>not</u> advised Isaacs to stop working, and that in her opinion Isaacs could safely perform his job duties while on his current medication. Citing Dr. Olaisen's statements, MetLife denied Isaacs's STD claim by letter dated June 1, 2005. In a separate letter, MetLife denied Isaacs's FMLA claim, citing his "fail[ure] to provide the required medical certification of a serious health condition." J.A. 142.

---

[1]Isaacs points out that forms sent to him by MetLife referred generically to a "disability claim" or "disability benefits" and did not differentiate among FMLA, STD, and LTD benefits. <u>See</u> J.A. 147, 151.

4

On June 6, 2005, Isaacs contacted MetLife to ask "what was needed in order for the claim to be accepted." J.A. 65. MetLife advised Isaacs "that in order for the decision to be re-evaluated his physician would need to submit medical documentation to support his disability claim." Id. The same day, in a face-to-face meeting, Janice Woods ("Woods"), a Medical Supervisor with Bosch, provided Isaacs with forms that she indicated would be sufficient to initiate a claim for LTD benefits.[2] Isaacs took the forms to his doctor in July 2005, who completed them and later faxed a copy to MetLife. Isaacs also returned a copy of the completed forms to Woods and Bosch's head of personnel for the Plan, and was told by them "that these forms were all that was needed and that [he] would be contacted if anything further was required." J.A. 209.[3]

In October 2005, Isaacs retained counsel. On November 3, 2005, Isaacs's attorney wrote a letter to MetLife captioned,

---

[2]There is a factual dispute surrounding these forms. Woods asserts that she gave Isaacs a set of three Long Term Disability Claim Forms: an LTD Claim Form Employee Statement, an LTD Claim Form Employer Statement; and a "Long Term Disability Claim Form Attending Physician Statement." J.A. 231-43. By contrast, Isaacs alleges that the forms he received from Woods were limited to a generic four-page "Attending Physician Statement" that nowhere indicated that it pertained solely to LTD claims. J.A. 208-13. We accept Isaacs's view for purposes of resolving this appeal.

[3]Contrary to Isaacs's argument that these forms were intended to initiate an LTD claim, the forms faxed to MetLife by Isaacs's doctor--ostensibly the same forms returned to Bosch--included a cover page and authorization form with the claim numbers for Isaacs's STD and FMLA claims and several pages specifically referencing the FMLA claim. None of the faxed forms referenced an LTD claim. J.A. 120-37.

5

"Short-Term Disability Claim," and referencing Isaacs's STD claim number. J.A. 109-11. In direct contradiction to the caption, the first sentence of the letter reads, "Please be advised that I have been retained to represent [Isaacs] in connection with the appeal of your denial of his claim for <u>long term disability benefits</u>." J.A. 109 (emphasis added). After a detailed request for review of Isaacs' claim and a request for a copy of the administrative record, the letter's penultimate paragraph reads,

> The third purpose of this letter is with regard to my client's LTD claim. My client has been out long enough to where it is time to get her [sic] LTD claim in the works. If you could please forward any LTD claim forms or other documentation that needs to be completed in order to prefect [sic] the filing of that claim I would be most appreciative. If the LTD claim rolls over automatically after payment in full of the STD benefits then please just advise and I will proceed with the STD claim since, essentially, it will be considered to be the same claim.

J.A. 110. MetLife did not respond to this letter. On January 9, 2006, counsel wrote another letter to MetLife, again referencing Isaacs's "Short-Term Disability Claim" and listing his STD claim number, explaining, "Please be advised that I am appealing the denial of <u>both</u> Mr. Isaac's claim for short term disability and long term disability benefits. I wanted to clarify the foregoing in the event it was not clear [from the November 2005 letter]." J.A. 107. Counsel filed the complaint in this matter less than three weeks later, on January 29, 2006.

Isaacs's amended complaint named MetLife and the Robert Bosch Short Term Disability Plan as defendants and sought declarations of Isaacs's entitlement to LTD and STD benefits under 29 U.S.C. § 1132(a)(1)(B). Isaacs later dismissed the Robert Bosch Short Term Disability Plan as a defendant and dropped his STD claim from this case. Instead, Isaacs initiated a claim for STD benefits in state court. While Isaacs's federal claim was pending, Isaacs litigated the STD claim to settlement in state court.

Reviewing the LTD claim against MetLife, the district court held that Isaacs failed to file an LTD claim within ninety days after his "date of loss," as required by the plan, and that, as a result, he had not exhausted his administrative remedies. The court also rejected Isaacs's alternative argument that his failure to meet the exhaustion requirement was excused by the doctrine of futility. Accordingly, the court granted MetLife's motion for summary judgment. Isaacs appeals.

II.

We review de novo the district court's grant of summary judgment. See Ellis v. Metro. Life Ins. Co., 126 F.3d 228, 232 (4th Cir. 1997). We will affirm the district court's decision "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

7

matter of law." Fed. R. Civ. P. 56(c). Again, we view the record and all reasonable inferences drawn therefrom in the light most favorable to Isaacs. See Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004).

## A.

This appeal essentially distills to two somewhat interrelated arguments, which we discuss in turn. First, Isaacs asserts that he initiated an LTD claim through his February 18, 2005 phone call to MetLife but that MetLife prevented him from pursuing the claim by failing to send him forms necessary to perfect that claim; by not responding to his attorney's November 2005 and January 2006 letters; and by otherwise failing to act on his LTD claim. MetLife responds that Isaacs never actually filed an LTD claim and that it processed and ultimately rejected the only properly-filed claims-- the STD and FMLA claims--based on insufficient evidence of disability.

Isaacs's argument ultimately implodes as it attempts to do two inherently contradictory things simultaneously. Isaacs fully pursued the claim he initiated on February 18, 2005 through the administrative process. Isaacs's attorney indicated in November 2005 that he understood that Isaacs's STD and LTD claims were one and the same, and in January 2006, referencing a single claim number, that he was "appealing the denial of both Mr. Isaac's claim for short term disability and long term disability benefits." J.A.

8

107. Isaacs eventually litigated this claim to settlement in state court. Now, Isaacs would have it that MetLife precluded him from pursuing a claim for LTD benefits by not processing a separate LTD claim based on his February 18, 2005 telephonic claim.

Isaacs cannot have it both ways. The initial claim on which he now seeks to rely was denied due to Isaacs's failure to provide sufficient evidence of a disability.[4] His dismissal of the appeal in that regard and pursuit and settlement of the matter in state court places the denial of benefits on that claim beyond the scope of our review, and the record is devoid of evidence that any other claim was filed pursuant to the LTD Plan claims procedures. See J.A. 194 (describing the two methods for filing a claim under the LTD Plan).[5]

B.

Isaacs also argues that his receipt, completion, and return of the forms Woods gave him on June 6, 2005 was the functional

---

[4]It is unclear how Isaacs believes he would have benefitted had MetLife processed an LTD claim beginning on February 18, 2005. As Isaacs himself points out, "disability" is defined identically in the STD and LTD plans. Appellant's Br. at 8. Isaacs's failure to provide evidence of a disability therefore would likely have doomed his LTD claim just as it did his claim for STD benefits.

[5]The evidence leaves no doubt that on June 6, 2005, if not before, Isaacs knew that MetLife had not yet received from him documentation sufficient to initiate a claim for LTD benefits. See Isaacs Aff., J.A. 208 ("[At the June 6 meeting] I was told that I needed to file for long-term disability [benefits] and I replied that I did not have the forms."). It seems disingenuous for Isaacs to claim that he continued to labor under the illusion that an LTD claim had been filed on February 18, 2005 and remained pending.

equivalent of filing a claim under the LTD Plan.  We disagree.

Aside from the February 18, 2005 claim discussed above, Isaacs has never properly initiated any other claim for benefits with MetLife.

Moreover, the documents faxed by Isaacs's doctor referenced either the STD and FMLA claims or no claim at all.  We therefore hold that the faxed forms were insufficient to initiate a claim under the LTD Plan.[6]  Isaacs's attorney's subsequent letters were likewise insufficient either to initiate an LTD claim or to put MetLife on notice that Isaacs believed that such a claim existed separate and apart from his STD claim.

III.

Isaacs's actions have presented us with a record which includes <u>neither</u> a predicate finding of disability nor a completed claim for LTD benefits.  We therefore have no basis on which to grant him the relief he seeks.

<u>AFFIRMED</u>

---

[6]Isaacs argues, in the alternative, that his failure to exhaust his administrative remedies with respect to his LTD claim should be excused because, in light of MetLife's denial of his STD claim, any attempt to pursue the LTD Plan remedies would have been futile.  We find that Isaacs failed to show that he was (or would have been) denied access to the claims procedures provided by the LTD Plan.  His "bare allegations of futility are no substitute for the 'clear and positive' showing of futility . . . required before suspending the exhaustion requirement." <u>Makar v. Health Care Corp. of Mid-Atlantic (Carefirst)</u>, 872 F.2d 80, 83 (4th Cir. 1989).  We therefore find Isaacs's argument to be without merit.

10