**Marla H. WILSON, Plaintiff–Appellant,**

v.

**BELLSOUTH TELECOMMUNICA-TIONS, INC.; Kemper National Services, Inc., Defendants–Appellees.**

No. 03–5645.

United States Court of Appeals,
Sixth Circuit.

April 28, 2004.

Rodger W. Lofton, Paducah, KY, for Plaintiff–Appellant.

Dorothy J. Chambers, BellSouth Telecommunications, Inc., Louisville, KY, Leon H. Lee, Jr., Atlanta, GA, for Defendants–Appellees.

Before: GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

## ORDER

Marla H. Wilson, a Kentucky plaintiff, appeals a district court order dismissing her civil action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Wilson was employed by BellSouth Telecommunications, Inc. ("BellSouth") or its predecessor from 1977 to 1984 and from 1988 to 2001. She last worked for BellSouth in October 2000. Kemper National Services, Inc. ("Kemper") was designated as the administrator of BellSouth's short term disability (STD) plan, a plan governed by ERISA. Wilson had applied for and received STD benefits during portions of 1999, 2000, and 2001 based upon a diagnosis of severe depression. However, Wilson alleged in her complaint that Kemper

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by

designation.

wrongfully terminated her STD benefits in April 2001 and erroneously rejected her appeal as untimely.

In an order entered on May 8, 2003, the district court granted the defendants' motion for summary judgment and dismissed the action without prejudice. The district court found that Wilson had failed to exhaust her administrative remedies, a prerequisite to bringing an action under ERISA, by failing to timely file an appeal from the termination of her benefits.

On appeal, Wilson argues that her appeal was, in fact, timely and continues to assert that her STD benefits were wrongfully terminated.

Upon review, we affirm the district court's order. This court reviews *de novo* a district court's grant of summary judgment in an ERISA action, applying the same standard used by the district court. *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 933 (6th Cir.2000). "Summary judgment is appropriate where there is no genuine issue of material fact and a party is entitled to a judgment as a matter of law." *Id.;* Fed.R.Civ.P. 56(c).

The district court properly found that the defendants in this case were entitled to judgment as a matter of law based upon Wilson's failure to exhaust administrative remedies. "The application of the administrative exhaustion requirement in an ERISA case is committed to the sound discretion of the district court, and thus can be disturbed on appeal only if there has been an abuse of discretion." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir.1998). Although ERISA itself is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action in federal court, the federal circuit courts of appeals have almost uniformly read such a requirement into the statute. *Id.; see also Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341, 343 (6th Cir.2000).

On May 8, 2001, Kemper sent Wilson a letter informing her that her STD benefits were terminated as of April 11, 2001. This letter stated that an appeal must be filed within 60 days of receipt of the letter; the person designated to receive the appeal and her address were clearly indicated. The 60–day requirement is also found in the STD plan description provided to Bell-South employees, including Wilson. Wilson argues that the May 8th letter was ambiguous in that it also permitted her to submit additional medical support for her claim. However, the clear language of the appeal notice and, in particular, the fact that the name and address of the person to receive an appeal were prominently provided, unambiguously put Wilson on notice that she had 60 days from her receipt of the May 8th letter in which to appeal the denial of benefits, apart from any additional evidence she should wish to provide. Moreover, the response to Wilson's additional submission was dated June 20, 2001, and stated that her STD benefits *remained* denied. This was, again, a clear indication that an appeal was to be taken from the May 8th notice; in fact, the June 20th letter did not include the name and address of the person to whom an appeal would be sent. Wilson still had time after she received the June 20th letter, i.e., until July 8th, in which to appeal. Instead, she waited until July 31, 2001, to fax an appeal to the designated individual.

In any event, our review of the record in this case convinces us that Kemper's decision to terminate Wilson's disability benefits was not arbitrary and capricious. *See Shelby County Health Care Corp.*, 203 F.3d at 933.

Accordingly, the district court's order is affirmed.